PER CURIAM.
This is an appeal of a final judgment which ruled that a lien of the Department of Revenue of the State of Florida (department) on two motor vehicles was superior to the security interest of appellant, Sun First National Bank of Orlando (Sun Bank). The judgment directed the proceeds from the sale of these two vehicles be paid first to the Department of Revenue and, if any money remained after satisfaction of the department’s claim, then to Sun Bank. We find that this ruling is correct and affirm.
George Claing executed a security agreement granting Sun Bank a security interest in two motor vehicles on February 15,1978. Sun Bank did not take any action to have this security interest noted on the certificates of title of these two vehicles until May 21,1979. On this date, Sun Bank filed the necessary papers with the Division of Motor Vehicles, thereby perfecting its security interest in the vehicles. Sec. 319.27, *944 Fla.Stat. (1979); Sec. 679.302(4), Fla.Stat. (1977).
Meanwhile, on May 8, 1979, the Department of Revenue of the State of Florida filed a tax warrant against George Claing for unpaid taxes. Pursuant to law, instructions to levy and seize the two vehicles were delivered to the Sheriff of Orange County and the Sheriff seized the two vehicles on May 22,1979. The department then sought a declaratory judgment concerning the priorities of the parties’ rights in these two vehicles.
Sun Bank’s security interest in the two motor vehicles is governed by the provisions of Florida’s Uniform Commercial Code (UCC), Chapter 679, Florida Statutes. Sec. 679.102, Fla.Stat. (1977). Claing’s security agreement with Sun Bank gave the bank an unperfected security interest in the two vehicles which was superior to the rights of future purchasers or judgment creditors. Sec. 679.201, Fla.Stat. (1979). Sun Bank’s unperfected security interest was inferior to the later rights of a lien creditor. Sec. 679.301(l)(b), Fla.Stat. (1977).
The Department of Revenue acquired a statutory lien on the vehicles on May 8, 1979, when it filed a tax warrant with the clerk of the circuit court[1] and delivered a writ of execution to the sheriff.[2] Although the UCC contains provisions concerning the rights of lien creditors,[3] section 679.102(2) says that Chapter 679 (Uniform Commercial Code — Secured Transactions) “does not apply to statutory liens except as provided in s. 679.310.” Section 679.310 concerns liens for services and materials performed upon certain goods subject to a security interest. It has no application to this case. Consequently, the provisions of the UCC do not apply to the state’s statutory tax lien.
However, the UCC provides that any person becoming a lien creditor before the perfection of a security interest takes priority. Sec. 679.301, Fla.Stat. (1977). Since the department became a lien creditor on May 8, 1979, and Sun Bank did not perfect its security interest in the two vehicles until May 21,1979, the trial court correctly found the lien of the department to be superior to that of Sun Bank.
AFFIRMED.
DAUKSCH, C. J., ORFINGER, J. and EVANS, VERNON W., Jr., Associate Judge, concur.

. Sec. 212.15(3), Fla.Stat. (Supp. 1978).

. Love v. Williams,4 Fla. 126 (1850); Hawthorne v. Shepherd, 330 So.2d 75 (Fla. 1st DCA 1976).

.Sec. 679.301, Fla.Stat.