PER CURIAM.
We affirm the decision of the trial court that the Department of Revenue is a general creditor and may take only a pro rata share of the purchase money deposited in the registry of the court. Section 212.-15, Florida Statutes (1981), prescribes the method for obtaining a sales tax lien and states it is the duty of the state to do so when sales taxes are delinquent or otherwise in jeopardy. No lien attaches until a warrant is filed for the taxes due. § 212.-15(4), Fla.Stat. (1981); General Motors Acceptance Corp. v. Tom Norton Motor Co., 366 So.2d 131 (Fla. 4th DCA 1979). The Department failed to follow this procedure and perfect its lien. Cf. Sun First National Bank of Orlando v. Miller, 397 So.2d 943 (Fla. 5th DCA 1981) (properly perfected tax lien takes priority over subsequently filed security interest). Therefore, the Department has no prior claim on the funds deposited into the registry of the court. Section 212.10, Florida Statutes (1981), does not create a lien by stating that it is the duty of the purchaser to withhold sufficient funds from the purchase money to pay delinquent sales taxes. Screens Unlimited, Inc. v. Aetna Insurance Co., 37 Fla.Supp. 175, 177 (Fla. Pinellas Cty.Ct. 1972). At this time, we need not reach the question whether depositing the purchase money into the registry of the court was a means of withholding these funds sufficient to discharge the purchaser’s personal liability for failure to withhold and we expressly decline to do so.
Affirmed.