**In re LMS HOLDING COMPANY, an Oklahoma corporation, EIN: 73–1325164, Petroleum Marketing Company, an Oklahoma corporation, EIN: 73–0399271, Retail Marketing Company, an Oklahoma corporation, EIN: 73–1196027 Debtors.**

**LMS HOLDING COMPANY, an Oklahoma corporation; Petroleum Marketing Company, an Oklahoma corporation; and Retail Marketing Company, an Oklahoma Corporation, Plaintiffs,**

**v.**

**UNITED STATES of America, ex rel. INTERNAL REVENUE SERVICE; Core–Mark Mid–Continent, Inc., an Arkansas corporation, f/k/a Mid–Continent Distributors, Inc., a/k/a Core–Mark Distributors; Amcon Distributing Company, a Delaware corporation; American Express Travel Related Services Company, Inc.; and Chrysler First Diversified Credit, Inc., Defendants.**

Bankruptcy Nos. 91–03412–C, 91–03413–C and 91–03414–C.
Adv. No. 92–0242–C.

United States Bankruptcy Court,
N.D. Oklahoma.

Dec. 29, 1992.

Thomas A. Creekmore, Tulsa, OK, for plaintiffs.

J. Joseph Raymond, Tax Div., Dept. of Justice, Washington, DC, for defendants.

Thomas A. Creekmore III, Pamela H. Goldberg, Steven W. Soulé, Tulsa, OK, for debtors.

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO THE INTERNAL REVENUE SERVICE

STEPHEN J. COVEY, Chief Judge.

This cause comes before the Court on the Plaintiffs', LMS Holding Company, Petroleum Marketing Company, and Retail Marketing Company ("RMC") (collectively, the "Debtors") Motion for Summary Judgment and Brief in Support of Motion for Summary Judgment and Defendant, United States of America, *ex rel.* Internal Revenue Service's ("IRS") Combination Trial Brief, Re: Secured Tax Claims and Response of the United States to Debtor's Motion for Summary Judgment. The Debtors and the IRS have also provided the Court with additional authorities.

The Court having jurisdiction over the parties and the subject matter hereto, and being fully advised as to the premises, hereby makes the following findings of fact:

1. In August, 1989 RMC acquired certain assets (the "Subject Property") from the Chapter 11 bankruptcy estate of MAKO, Inc. ("MAKO"), Case No. 88–00475 (the "MAKO Bankruptcy"), filed in the United States Bankruptcy Court for the Eastern District of Oklahoma (the "MAKO Court") pursuant to the Restated First Amended Creditor's Plan of Liquidation Submitted by Delaware County Bank, as Modified (the "MAKO Plan").

2. Prior to the commencement of the MAKO Bankruptcy, Defendant IRS filed a Notice of Federal Tax Lien in the Office of the County Clerk of Oklahoma County, Oklahoma ("Tax Lien").[1] The Notice of

---

**1.** The IRS may have filed notices of tax liens in other counties but it is undisputed that all such notices were filed in the name of MAKO and, therefore, the location of the filings is irrelevant to the Court's decision.

Federal Tax Lien was filed in the name of MAKO, Inc.

3. The MAKO Plan listed Defendant IRS' alleged secured claim as a "Disputed Secured Claim." The IRS claim became an allowed secured claim as described in its Answer to paragraph 7 of the Complaint.

4. The Subject Property acquired by RMC from the MAKO bankruptcy estate, pursuant to the MAKO Plan, included the assets in which Defendant IRS had perfected liens pursuant to the Tax Lien(s) filed against MAKO.

5. Pursuant to the MAKO Plan, the IRS retained its lien against that part of the Subject Property securing its allowed secured claim.

6. Defendant IRS had notice of the MAKO Bankruptcy, participated in the administration of the MAKO Bankruptcy, was represented by counsel of record in the MAKO Bankruptcy, and was aware of the formulation and confirmation of the MAKO Plan, including the terms of the sale of the Subject Property to RMC.

7. The MAKO Plan was confirmed by a final order of the MAKO Court in August, 1989.

8. Defendant IRS did not file, other than the filing(s) referred to in paragraph 2 above, a Notice of Federal Tax Lien nor any other type of U.C.C. filing in the name of RMC or the other Debtors evidencing its tax liens in the Subject Property.

9. This Court entered an Order setting November 20, 1991 as the last day to file proofs of claim in the instant bankruptcy cases.

10. Claim No. 121 was filed November 19, 1991, for the following tax periods and types of taxes for which IRS claimed only Section 507(a)(7) unsecured priority:

| Kind of Tax | Tax Period |
|---|---|
| 1. WT–FICA | 09/30/89 |
| 2. FUTA | 12/31/89 |
| 3. WT–FICA | 03/31/91 |
| 4. WT–FICA | 09/30/91 |

11. Defendant IRS first filed a claim against the bankruptcy estate wherein it alleged to be secured through Claim No. 260, filed March 12, 1992, which purports to be "Amendment #1" to Claim No. 121; and again through Claim No. 267, filed October 1, 1992, which purports to be "Amended #2" to Claim No. 121.

12. All taxes originally claimed in Claim No. 121 were those assessed against one or more of the Debtors. All *secured* claims asserted in Claim Nos. 260 and 267 (purported Amendments #1 and #2) were for taxes originally assessed against MAKO, and were the subject of the IRS' Disputed Secured Claim under the MAKO Plan.

■■■ IT IS THEREFORE, ADJUDGED AND DECREED:

1. The Debtors have the status of judgment lien creditors pursuant to 11 U.S.C. § 544(a)(1).

2. In determining the nature and status of the IRS' claim against RMC this Court looks to nonbankruptcy federal law. The Uniform Commercial Code is not applicable to the nature and/or validity of the IRS' Tax Lien(s).

3. Title 26, § 6323(a) of the Internal Revenue Code provides that the federal tax lien imposed by 26 U.S.C. § 6321 "shall not be valid as against any ... judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary."

4. The IRS has been given the sole authority by Congress to promulgate the form of notice of tax lien required by 26 U.S.C. § 6323(f).

5. In carrying out its authority under 26 U.S.C. § 6323(f), the IRS requires that the notice of tax lien to be filed by the IRS itself must include the name and residence of the taxpayer.

6. The IRS' tax lien against RMC is unperfected as the IRS failed to file a new notice of tax lien showing RMC as the new taxpayer, despite the IRS' notice of the name change. In so holding, this Court follows the holdings in *Davis v. United States*, 705 F.Supp. 446 (C.D.Ill.1989) and *United States v. Clark*, 81–1 U.S.T.C. ¶ 9406 (S.D.Fla.1981).

7. The IRS' duty to file a new notice of tax lien is even more compelling under the facts of this case than it was in *Davis* and *Clark* because there was not only a name change, but a total change in the taxpayer entity.

8. The Debtors are entitled to avoid the IRS' lien pursuant to 11 U.S.C. § 544(a)(1) and, therefore, the IRS is left with an unsecured claim against RMC.