In re THRIFTWAY AUTO SUPPLY, INC., Debtor,

STAR AUTOMOTIVE WAREHOUSE, INC., Plaintiff,

v.

Kenneth L. SPEARS, Trustee, and Citizens National Bank and Trust Co., Defendants.

Bankruptcy No. 93–10154–BH.
Adv. No. 93–1054.

United States Bankruptcy Court,
W.D. Oklahoma.

July 15, 1993.

Kwame T. Mumina, Gary S. Chilton, and N. Janine Wheeler, of Andrews Davis Legg Bixler & Price, Oklahoma City, for plaintiff, Star Automotive Warehouse, Inc.

James H. Bellingham, McClelland, Collins, Bailey, Bailey & Bellingham, Oklahoma City, Harold Logsdon, Baker, Logsdon, Schulte & Cross, Kingfisher, Oklahoma, for defendant, Citizens Nat. Bank and Trust Co.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

RICHARD L. BOHANON, Chief Judge.

This dispute arises over the conflicting claims of priority of security interests in certain property belonging to debtor's estate. The issues are of first impression before this court and concern whether a financing statement filed by plaintiff under debtor's trade name is effective notice filing, and whether the search for financing statements conducted by defendant Citizens National Bank was reasonable under the circumstances. The facts are not in dispute and each party seeks summary judgment.[1]

Debtor is an Oklahoma corporation, doing business as "Thriftway Auto Stores." Plaintiff is an automotive parts wholesaler which extended credit to debtor for the purchase of its goods. It took a security interest in debtor's assets and filed a financing statement. In all the documents relating to this transaction, including the financing statement, debtor's name was given as "Thriftway Auto Stores."

Subsequently defendant Citizens National Bank purchased another bank's loan portfolio, which included a loan previously made to debtor. As a part of this transaction the prior bank's financing statement was terminated.

Citizens then filed its present financing statement covering the same assets. This statement was filed under debtor's corporate name, "Thriftway Auto Supply, Inc." Prior to its filing Citizens searched the electronic records database of the recording clerk for evidence of any other security interests. This search was made in only debtor's exact corporate name and, consequently, did not reveal the statement previously filed by plaintiff under the trade name.

Debtor apparently defaulted on both obligations and filed its petition in bankruptcy. Plaintiff then filed this complaint seeking a determination of the priority status of its lien.

## CONCLUSIONS OF LAW

■ Generally, effective notice of the existence of a security interest is present if the information given in the financing statement alerts others to the possibility that the debtor has granted similar interests to others. *See* 1A *Secured Transactions Under the Uniform Commercial Code* (Bender's), § 6C (Coogan et al. eds., 1993). Toward this end the Oklahoma version of the Uniform Commercial Code at 12A O.S. § 9–402(1) (1985) provides that a financing statement must give the name of the debtor. Section 9–402(8) of the Code then says that "[a] financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading."

Here, plaintiff's filing complied with the requirements of § 9–402(1), except that debtor's trade name was used, not its corporate name. Plaintiff argues that the trade name used is sufficiently similar to

---

**1.** The trustee is a defendant for reasons that are not relevant to the issues decided in this order.

the corporate name that a reasonable search would have revealed the existence of its filing, and therefore its lien is entitled to priority over that of Citizens. *See* 12A O.S. § 9–312 (Supp.1993).

The test to determine the issue is twofold. First, did the filing creditor make a reasonable, good faith, effort to ascertain correct information to include in the financing statement? The second step is to see if the search made by the subsequent creditor was reasonable under the facts of the case as well as under general commercial practices. *See In re Fowler*, 407 F.Supp. 799 (W.D.Okla.1975); *Peoples' Nat'l. Bank v. Uhlenhake*, 712 P.2d 75 (Okla.App.1982).

The notice filing system cannot possibly protect those who do not use it properly. This includes both filers and those searching the records. It is fatuous, especially in the commercial context, for one to argue that searching for one narrow entry in an electronic database is a reasonable search. Conversely, a filing entity must make a good faith effort to acquire information adequate to allow a correct filing.[2]

Here, plaintiff contends that it filed in good faith based on the only information given it by debtor and there is no evidence to indicate that plaintiff had any reason to suspect that the name given it was incomplete. Under these facts I conclude it has met the filer's burden.

As regards Citizens, it contends that its search was reasonable because under an electronic filing system it is unduly burdensome to require other than a search based solely on the debtor's exact name.

Just as the filer has a burden to make sufficient inquiries to ascertain correct information to include on a financing statement, a prospective lender making use of the notice filing system has a duty to conduct a reasonable search. The fact that an electronic database requires a new method of searching different from a card

filing system does not mean that such a search is unreasonable. Employing searches using broad roots of a debtor's name is simple and when used effectively will supply a searcher with entries similar to those of a card system.

Obviously there are bounds to what constitutes a reasonable search provided by any given set of facts as well as general commercial practices. It may well be unreasonable to require a search of widely disparate names without knowledge of information suggesting such a search. However, to require a search of wide roots of a debtor's name under an electronic filing system is not unreasonable, but prudent.

In this instance a simple search under "Thriftway" or "Thriftway Auto", broader roots of debtor's name, would have revealed the existence of plaintiff's pre-existing lien and there is no evidence that would indicate any burden in making a broader search. When Citizens limited its search to the formal corporate name it unreasonably hindered itself with electronic blinders.

For the above reasons, I conclude that giving debtor's trade name in plaintiff's financing statement was only a minor error which was not seriously misleading because a reasonable search would have revealed the prior filing. I further conclude that Citizens did not conduct a search reasonable under either general commercial practice or ordinary standards.

Accordingly, plaintiff's motion for summary judgment is granted.

An appropriate judgment will be entered.

---

**2.** There is no evidence that plaintiff had counsel in connection with preparation of the security agreement and accompanying documents. Therefore, the omission of legal nomenclature, such as company, corporation, inc., ltd., etc., indicating the nature of debtor's entity is understandable.