**B.T. LAZARUS & COMPANY, Appellant,**

**v.**

**CHRISTOFIDES; Bank One, Columbus, N.A., Appellee.**

[Cite as *B.T. Lazarus & Co. v. Christofides* (1995), 104 Ohio App.3d 335.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE10–1491.

Decided May 30, 1995.

*Arthur H. Thomas, Jr.,* for appellant.

*Artz, Dewhirst & Farlow* and *Linda Juergens Lawrence,* for Alex C. Christofides.

*Elizabeth E. Hammond* and *David W. Carpenter,* for appellee Bank One, Columbus, N.A.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of B.T. Lazarus & Co., appellant, from the January 31, 1994 decision and February 14, 1994 entry of the Franklin County Court of Common Pleas granting summary judgment in favor of Bank One, defendant-appellee ("appellee"). On appeal, appellant asserts the following assignment of error:

"The trial court erred to the prejudice of plaintiff-appellant in granting summary judgment to defendant-appellee, Bank One of Columbus, N.A."

The history of this case is as follows: Appellant entered into an agreement with defendant Alex C. Christofides for the purchase of appellant's principal business assets. At the time, Christofides was the agent of a soon-to-be-formed corporation known as "B.T.L., Inc." ("BTL"). It is noted that B.T.L., Inc. is an entity separate and apart from appellant, B.T. Lazarus & Co., however, Christofides wanted to retain a similar name for continuity's sake. Appellant sold its principal business assets to BTL on September 17, 1987. Appellant and Christofides, on behalf of BTL, also executed a security agreement granting appellant a security interest in the collateral sold. Moreover, as part of that transaction, the parties agreed that Fifth Third Bank ("Fifth Third") would have priority over appellant

for its prior security interest in the "inventory, equipment and fixtures" being sold to Christofides as agent for BTL. This is undisputed by the parties.

Appellant failed to perfect its security interest in BTL's equipment until February 5, 1988, when appellant filed a financing statement with the Secretary of State. Appellant filed its financing statement under the name of the debtor at that time, B.T.L., Inc. In the intervening period between the execution of the security agreement (September 17, 1987) and the filing of the financing statement (February 5, 1988), B.T.L., Inc. changed its name to Alma Marketing, Inc. This name change occurred on October 14, 1987. Appellant never filed a financing statement under the new name of Alma Marketing, Inc. ("AMI"), even though nearly four months had elapsed from the time BTL changed its name to Alma Marketing, Inc. to the time that appellant filed its financing statement. It is appellant's contention that it did not know of the name change when it filed under "B.T.L., Inc."

Subsequently, Christofides contacted appellee, Bank One, Columbus, N.A. ("Bank One"), in order to refinance the existing line of credit with Fifth Third. At that time, AMI granted a security interest in its collateral to appellee (appellee filed its financing statement, as to AMI, on April 28, 1989), and appellee paid off the existing balance that was owed to Fifth Third.

In December 1990, AMI filed for bankruptcy. Appellee sold many of AMI's assets; and, as a result, a dispute arose as to which secured party had priority to the proceeds from the sale of the collateral.

The issue before the trial court was to determine whose security interest had priority. The trial court found that appellee's security interest had priority over that of appellant, and granted summary judgment in favor of appellee for several reasons. First, the trial court found that appellee was subrogated to Fifth Third's interest insofar as appellee had paid off the debt that was owed to Fifth Third and therefore stood in the shoes of Fifth Third. It is undisputed that the parties to the September 17, 1987 security agreement agreed that appellant's security interest would be subject to Fifth Third's security interest. Because the trial court found that appellee stood in the shoes of Fifth Third, it found that appellee's security interest also had priority over that of appellant's. The trial court also found that the financing statement filed by appellant on February 5, 1988 was never filed under the name "Alma Marketing, Inc.," and that, accordingly, appellant had failed to perfect its security interest in the collateral of AMI. The trial court further found that appellant had failed to file a continuation statement, pursuant to R.C. 1309.40(B)(1), necessary to continue the alleged perfection.

■ Initially, this court must review whether or not the financing statement filed by appellant on February 5, 1988 was sufficient for purposes of perfecting its security interest in AMI's collateral. If this court finds that appellant's financing statement was not sufficient to perfect its interest, the issues of appellee's subrogation to Fifth Third's rights and appellant's failure to file a continuation statement[1] are moot.

R.C. 1309.39 sets forth the formal requisites of financing statements and states as follows:

"(A) A financing statement is sufficient if it gives the names of the debtor and the secured party * * *.

" * * *

"(H) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading."

Thus, the issue before this court is whether the name of the debtor that appears on appellant's financing statement is sufficient for purposes of R.C. 1309.39(A). Admittedly, minor errors will not preclude the effectiveness of a financing statement; thus, this court must also determine whether the name of the debtor on the financing statement is seriously misleading. Clearly, had appellant filed its financing statement as to BTL before the name change on October 14, 1987, appellant would have a perfected security interest. However, appellant did not file a financing statement until February 5, 1988, nearly four months after the name change. Clearly, the debtor's name at that point in time, "Alma Marketing, Inc.," had no similarity to the prior name, "B.T.L., Inc." Accordingly, this court finds that the financing statement filed by appellant which named the debtor as "B.T.L., Inc." is seriously misleading and did not provide notice to future creditors that appellant had an interest in AMI's collateral.

■ Moreover, R.C. 1309.39(G) provides as follows:

---

**1.** This court notes that R.C. 1309.40(B)(1) provides that a filed financing statement remains effective for a period of five years from the date of filing. The effectiveness of such a statement lapses on the expiration of the five-year period unless a continuation statement is filed prior to the lapse. However, R.C. 1309.40(B)(1) also provides that if "a security interest perfected by filing *exists at the time insolvency proceedings are commenced by or against the debtor, the security interest remains perfected until termination of the insolvency proceedings* and thereafter for a period of sixty days or until expiration of the five-year period, whichever occurs later." (Emphasis added.) Thus, assuming, *arguendo*, that appellant had a perfected security interest as to AMI at the time that insolvency proceedings were commenced by or against AMI, this court notes that appellant's failure to file a continuation statement would not necessarily render appellant's security interest unperfected.

" * * * Where the debtor so changes his name or in the case of an organization its name, identity or corporate structure that a filed financing statement *becomes seriously misleading, the filing is not effective to perfect a security interest in collateral acquired by the debtor more than four months after the change, unless a new appropriate financing statement is filed* before the expiration of that time. A filed financing statement remains effective with respect to collateral transferred by the debtor even though the secured party knows of or consents to the transfer." (Emphasis added.)

██ Thus, the legislature has recognized that a creditor who already has a properly perfected security interest must still file another statement if it wishes to perfect a security interest in collateral that is acquired by the debtor four months or more after the name change. In the instant action, appellant is only trying to perfect its interest in collateral that BTL initially owned back in September 1987, as opposed to after-acquired collateral. However, appellant delayed filing its financing statement for nearly four months and this delay is crucial to our determination, as this case involves the "first to file or perfect" rule. See R.C. 1309.31(E)(1).

Summarizing, appellant's filing of February 5, 1988 did not serve to perfect its interest, since the name of the debtor on the financing statement was seriously misleading. Second, as the trial court noted, appellant has still not filed a financing statement as to AMI. Third, appellee filed its financing statement as to Alma Marketing, Inc., on April 28, 1989. Thus, appellee was the first to file and perfect its interest in the collateral of AMI. For that reason, the trial court's granting of summary judgment in favor of appellee was appropriate.

This court also notes that whether or not appellee had "actual notice" of appellant's interest is irrelevant. See 83 Ohio Jurisprudence 3d (1988) 408, Secured Transactions, Section 328. Creditors must be able to rely on the public records in order to ascertain the existence of competing security interests. A court must ascertain whether a reasonably diligent searcher would be likely to discover a financing statement indexed under the debtor's true name. *In re McCauley's Reprographics, Inc.* (C.A.9, 1981), 638 F.2d 117. In the instant action, this court finds that a reasonably diligent creditor, searching for prior security interests in the assets of Alma Marketing, Inc. would be unlikely to discover the financing statement filed by appellant indexed under "B.T.L., Inc."

For all of the above reasons, this court finds as a matter of law, that appellee was the first to perfect its security interest. For that reason, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

PETREE and CLOSE, JJ., concur.