INDUSTRIAL MACHINERY & EQUIPMENT COMPANY, INC v
LAPEER COUNTY BANK & TRUST COMPANY

Docket No. 153410. Submitted May 10, 1995, at Lansing. Decided
October 6, 1995, at 9:00 A.M.

Industrial Machinery & Equipment Company, Inc., brought an
action for claim and delivery and conversion in the Lapeer
Circuit Court against Lapeer County Bank & Trust Company
relating to two machines purchased by Koehler Machine, Inc.,
with the plaintiff and the defendant as secured creditors. On
cross motions for summary disposition, the court, Martin E.
Clements, J., determined that the defendant's security interest
was superior to that of the plaintiff with respect to one ma-
chine but inferior to that of the plaintiff with respect to the
other machine. The defendant appealed, and the plaintiff cross
appealed.

The Court of Appeals *held:*

1. The trial court erred in determining that the defendant's
security interest was inferior to that of the plaintiff with
respect to the second machine. By filing its financing statement
for that machine under the debtor's trade name, KMI, Inc.,
instead of the debtor's true name, Koehler Machine, Inc., as
required by MCL 440.9402(7); MSA 19.9402(7), the plaintiff
failed to perfect its security interest. Accordingly, the defen-
dant's security interest is superior to that of the plaintiff with
respect to the second machine. MCL 440.9402(8); MSA
19.9402(8), which allows financing statements with minor errors
that are not seriously misleading, does not apply to this case,
because the dissimilar names are likely to be seriously mislead-
ing.

2. The trial court correctly granted summary disposition for
the defendant with respect to the first machine. The plaintiff's
security interest in that machine lapsed when the plaintiff

REFERENCES

Am Jur 2d, Secured Transactions § 342.

Sufficiency of designation of debtor or secured party in security
agreement or financing statement under UCC § 9-402. 99 ALR3d
478.

failed to file a continuation statement as required by MCL 440.9403(2); MSA 19.9403(2).

Affirmed in part, reversed in part, and remanded for entry of a judgment for the defendant.

SECURED TRANSACTIONS — FINANCING STATEMENTS — CORPORATE DEBTORS — TRADE NAMES.

A financing statement filed under a debtor corporation's trade name instead of its true name will not be sufficient to perfect the filing creditor's security interest where the dissimilarity in names would be seriously misleading to a person searching the record; the interest of such a creditor will be inferior to that of any other creditor with a perfected security interest in the collateral (MCL 440.9402[7]; MSA 19.9402[7]).

*O'Reilly, Rancilio, Nitz, Andrews & Turnbull, P.C.* (by *Bert T. Ross* and *Richard M. Mitchell*), for the plaintiff.

*Taylor, Carter, Butterfield, Riseman, Clark & Howell, P.C.* (by *Steven Jarvis*), for the defendant.

Before: HOEKSTRA, P.J., and WAHLS, and G. S. BUTH,* JJ.

PER CURIAM. Defendant appeals as of right an order of the Lapeer Circuit Court granting plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10), declaring plaintiff's security interest in a Mori Seiki CNC machining center (MV-JR) to be superior to defendant's interest, and awarding plaintiff the proceeds from the sale of MV-JR. Plaintiff cross appeals an earlier order granting defendant's motion for summary disposition, declaring defendant's security interest in another machining center (MH-40) to be superior, and awarding defendant the proceeds from the sale of that machine. We affirm in part, reverse in part, and remand.

This case arises out of a priority battle between

* Circuit judge, sitting on the Court of Appeals by assignment.

two secured creditors regarding the disposition of two machining centers purchased by Koehler Machine, Inc. (debtor) before it went out of business. Defendant's security interest resulted from the making of several loans to the debtor, while plaintiff's purchase money security interest arose from financing the sale of the machinery to the debtor. However, plaintiff did not fully comply with the filing and continuation requirements of the Uniform Commercial Code (UCC). Specifically, plaintiff's filing statement covering MV-JR identified the debtor by its trade name "KMI, Inc.," rather than its legal name "Koehler Machine, Inc.," and no continuation statement covering MH-40 was ever filed. The trial court, following crossmotions for summary disposition, awarded MV-JR to plaintiff and MH-40 to defendant.

The party moving for summary disposition pursuant to MCR 2.116(C)(10) is entitled to judgment as a matter of law only if there is no genuine issue of any material fact. *Bourne v Farmers Ins Exchange,* 449 Mich 193, 197; 534 NW2d 491 (1995). We review a trial court's grant of summary disposition de novo. *Michigan Mutual Ins Co v Dowell,* 204 Mich App 81, 85-86; 514 NW2d 185 (1994). Here, we conclude that the trial court's grant of summary disposition to defendant regarding MH-40 was appropriate, but that the trial court should not have granted plaintiff's motion for summary disposition regarding MV-JR. Rather, the trial court should have granted defendant's motion for summary disposition regarding MV-JR, because defendant had a superior security interest in that machine also.

Turning first to MV-JR, the trial court determined that plaintiff's financing statement, which contained only the debtor's trade name and not its legal name, was sufficient to perfect plaintiff's

interest in the machining center. We disagree. This Court has previously recognized that the debtor's name is an important item in the financing statement and in the filing system. *Continental Oil Co v Citizens Trust & Savings Bank,* 57 Mich App 1; 225 NW2d 209 (1974), aff'd 397 Mich 203; 244 NW2d 243 (1976). Although other jurisdictions have addressed this exact issue, this appears to be an issue of first impression in Michigan. We choose to follow the majority of other jurisdictions that have considered this issue and hold that plaintiff's filing under the debtor's trade name was insufficient. See *In re Wardcorp, Inc,* 133 Bankr 210, 216 (SD Ind, 1990). See also *In re Seventeen South Garment Co, Inc,* 145 Bankr 511 (ED NC, 1992); *In re Pretzer,* 100 Bankr 879 (ND Ohio, 1989); *Pearson v Salina Coffee House, Inc,* 831 F2d 1531 (CA 10, 1987); *Greg Restaurant Equipment & Supplies, Inc v Valway,* 144 Vt 59; 472 A2d 1241 (1984); anno: *Sufficiency of designation of debtor or secured party in security agreement or financing statement under UCC § 9-402,* 99 ALR3d 478.

MCL 440.9402(7); MSA 19.9402(7) provides, in pertinent part:

> A financing statement sufficiently shows the name of the debtor if it includes the individual, partnership, or corporate name of the debtor, whether or not it adds other trade names or the names of partners.

The Uniform Commercial Code Comment to this section lists the purpose of this subsection as follows:

> Subsection (7) undertakes to deal with some of the problems as to who is the debtor. In the case of individuals, it contemplates filing only in the individual name, not in a trade name. In the case of

partnerships it contemplates filing in the partnership name, not in the names of any of the partners, and not in any other trade names. Trade names are deemed to be too uncertain and too likely not to be known to the secured party or persons searching the record, to form the basis for a filing system. . . .

Although MCL 440.9402(8); MSA 19.9402(8) provides for the effectiveness of a financing statement that contains minor errors that are not seriously misleading, that provision cannot save the instant filing because the misstatement of the debtor's name was a major defect that was seriously misleading given the dissimilarity between the two names. A person searching the filings for "Koehler Machine, Inc.," the debtor's legal name, would not have discovered a filing under "KMI, Inc.," a trade name apparently used interchangeably with, and not in place of, the legal name. Cf. *In re Glasco, Inc,* 642 F2d 793 (CA 5, 1981). We believe that the trial court should have granted defendant's motion, not plaintiff's motion, for summary disposition regarding MV-JR.

With regard to MH-40, we conclude that the trial court's grant of summary disposition in defendant's favor was proper where plaintiff's perfected purchase money security interest lapsed when plaintiff failed to file a continuation statement as required by MCL 440.9403(2); MSA 19.9403(2). Defendant's perfected security interest took priority when plaintiff's lapsed. MCL 440.9301(1); MSA 19.9301(1). Plaintiff provides no authority for its position that once it had properly perfected its purchase money security interest it did not have to file continuation statements as required by MCL 440.9403(2); MSA 19.9403(2), and at least one other jurisdiction has held otherwise. See *In re Williams,*

82 Bankr 430 (ND Miss, 1988). Additionally, unlike plaintiff's interpretation of the UCC, our interpretation supports the harmoniousness and consistency of the enactment as a whole. *Weems v Chrysler Corp,* 448 Mich 679, 700; 533 NW2d 287 (1995). We conclude that the trial court's grant of summary disposition with respect to MH-40 was proper.

Affirmed in part, reversed in part, and remanded for entry of judgment in favor of defendant. We do not retain jurisdiction.