FIRST NATIONAL BANK OF LACON, Plaintiff-Appellee, v. ELMER O. STRONG, Indiv. and d/b/a Strong Oil Company, Inc., *et al.*, Defendants (The Department of Revenue, Defendant-Appellant).

Third District    No. 3—95—0134

Opinion filed March 20, 1996.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and A. Benjamin Goldgar (argued), Assistant Attorney General, of counsel), for appellant.

Kevin R. Galley and Patrick J. Murphy (argued), both of Law Offices of Kevin R. Galley, of Lacon, for appellee.

JUSTICE SLATER delivered the opinion of the court:

In 1983 Elmer and Pam Strong incorporated their business, which leased and operated service stations and sold petroleum products, under the name "E. Strong Oil Company." They employed the name "Strong Oil Co." as a trade name.

The First National Bank of Lacon loaned $75,000 to the Strongs' business to refinance an earlier note. The Strongs signed a promissory note, a security agreement and a financing statement. The named borrower was "Strong Oil Co." The security agreement granted the bank a security interest in the inventory, equipment, accounts, instruments, documents, chattel paper and general intangibles of Strong Oil Co. The 1986 financing statement and 1991 continuation statement filed with the Secretary of State listed "Strong Oil Co." as the name of the debtor.

The Department of Revenue, acting pursuant to section 21 of the Motor Fuel Tax Law (35 ILCS 505/21 (West 1994)), seized the corporate assets of E. Strong Oil Company in 1991 for its failure to pay motor fuel taxes in the sum of $228,640. The assets were sold at public auction resulting in proceeds of $22,516.55. This litigation was commenced to determine whether the bank or the Department of Revenue is entitled to the money.

The bank claims that it holds a perfected security interest in the proceeds. The Department of Revenue asserts that the financing statement which used the trade name of the corporation resulted in an unperfected security interest and, therefore, section 9—301(1)(b) of the Uniform Commercial Code—Secured Transactions (the Code) (810 ILCS 5/9—301(1)(b) (West 1994)) provides that the Department of Revenue, as a lien creditor, has priority over the bank's unperfected security interest.

The circuit court found that the bank held a perfected interest in the collateral and ordered payment of the proceeds to the bank. The Department of Revenue first contends that the court's ruling is subject to *de novo* review. We agree.

■ Where the facts are uncontroverted and the issue is the trial court's application of the law to the facts, a court of review may determine the correctness of the ruling independently of the trial court's judgment. *People ex rel. Edgar v. Curley*, 188 Ill. App. 3d 37, 543 N.E.2d 1088 (1989). The issue of law before the circuit court was the sufficiency of the bank's financing statement under the Uniform Commercial Code. The ruling on that issue is therefore subject to *de novo* review by this court.

■ The general rule is that to perfect a security interest under the Code, a financing statement must be filed. 810 ILCS 5/9—302(1) (West 1994). A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral. 810 ILCS 5/9—402(1) (West 1994). A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or names of partners. 810 ILCS 5/9—402(7) (West 1994).

■ To perfect a security interest in the type of collateral involved herein, the proper place of filing is in the office of the Secretary of State. 810 ILCS 5/9—401(1)(c) (West 1994). The Secretary of State indexes filing statements according to the name of the debtor for public inspection. 810 ILCS 5/9—403(4) (West 1994).

■ The Department of Revenue, after a demand and nonpayment, issued a warrant to levy upon the assets of E. Strong Oil Company in November of 1991. See 35 ILCS 120/5 (West 1994). This action on the part of the Department of Revenue placed it in the status of a "lien creditor" as defined in section 9—301(3) of the Code (810 ILCS 5/9—301(3) (West 1994)). See 35 ILCS 120/5(a) (West 1994) (imposing tax lien upon all property of any person to whom a final assessment has been issued); *Mid-West National Bank v. Metcoff*, 23 Ill. App. 3d 607, 319 N.E.2d 336 (1974) (judgment creditor who initiates citation proceedings is lien creditor under the Code); *Levine v. Pascal*, 94 Ill. App. 2d 43, 236 N.E.2d 425 (1968) (same); *Sun First National Bank v. Miller*, 397 So. 2d 943 (Fla. Dist. Ct. App. 1981) (Florida Department of Revenue held to be lien creditor with rights superior to unperfected security interest where Department filed tax warrant and delivered writ of execution to sheriff); see also *Bloink v. Olson*, 265 Ill. App. 3d 711, 638 N.E.2d 406 (1994) (noting criticism of *Metcoff* but reaffirming it in light of amendment to statute providing that judgment becomes a lien when citation is served). As a lien creditor, the Department of Revenue has priority over an unperfected security interest. 810 ILCS 5/9—301(1)(b) (West 1994). Therefore, if the bank's financing statement and continuation statement listing the debtor as "Strong Oil Co." were insufficient to perfect its interest, that interest is subordinate to the Department's rights.

■ The bank claims that its filing under the name "Strong Oil Co.," though an error, is not seriously misleading. Section 9—402(8) provides that a financing statement substantially complying with the requirements of section 9—402 is effective even though it contains minor errors which are not seriously misleading. 810 ILCS 5/9—402(8) (West 1994).

Under the notice filing system of the Code, a party seeking to perfect a security interest must provide enough information to alert an interested party of a possible prior security interest. *In re Terry Pierson, Inc.*, 84 Bankr. 533 (S.D. Ill. 1988); *In re Swati, Inc.*, 54 Bankr. 498 (N.D. Ill. 1985). When a debtor's name is inaccurately listed on a financing statement, the critical inquiry is whether a reasonably prudent subsequent creditor would be likely to discover the prior security interest. *Swati*, 54 Bankr. 498. However, "resolution of the question cannot be made simply by comparing two names, but must be settled with an eye toward the intended operation of the UCC indexing system ***. A reasonable searcher properly using the index is looking for the name of the debtor amid a host of similar names. The system may contain hundreds or millions of names, depending on the size of the index." *In re Ballard*, 100 Bankr. 526, 531 (D. Nev.

1989). Accordingly, "it has been held in a substantial number of cases that a financing statement is defective and insufficient to constitute perfection where the filing is under an entity's name that is legally different from the actual owner even if the names are virtually identical." *Pierson*, 84 Bankr. at 535; see, *e.g.*, *In re Wardcorp, Inc.*, 133 Bankr. 210 (S.D. Ind. 1990) (filing under "Ward Corporation, Inc.," was seriously misleading where correct name was "Wardcorp, Inc."); *In re McGovern Auto Specialty, Inc.*, 51 Bankr. 511 (E.D. Pa. 1985) (discrepancy between debtor's true name "McGovern Auto Specialty, Inc.," and erroneous name "McGovern Auto & Truck Parts, Inc.," found to be seriously misleading); *In re Tyler*, 23 Bankr. 806 (S.D. Fla. 1982) (discrepancy between "Tri-State Moulded Plastics, Inc.," and "Tri-State Molded Plastics, Inc.," seriously misleading).

We find that omission of the letter "E" from the financing statement is seriously misleading. This is because the Secretary of State files financing statements alphabetically, by the debtor's name. A diligent search using the correct legal name of this corporation would not likely, in our opinion, disclose the bank's financing statement in this case. To hold otherwise would frustrate the underlying purpose of the Code's filing requirements. A rule that would burden a searcher with guessing at misspellings and various configurations of a legal name would not provide creditors with the certainty that is essential in commercial transactions. *Wardcorp*, 133 Bankr. 210. Indeed, the public-notice aspect of article 9 of the Code "rises and falls on the integrity of the debtor-name index," since "if the index does not lead the searcher to the filed financing statement, no real public notice is effected." *Ballard*, 100 Bankr. at 532.

Because the bank did not properly perfect its security interest, the bank's rights to the proceeds of the sale are subordinate to the rights of the Department of Revenue, a lien creditor. The judgment of the circuit court of Marshall County in favor of the bank is reversed.

Reversed.

HOLDRIDGE, P.J., and LYTTON, J., concur.