**In re SUMMIT STAFFING POLK COUNTY, INC., Debtor.**

No. 02–20352–8G7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 15, 2003.

Thomas D. Pulliam, Esquire, Lakeland, FL, for Debtor.

Jeffrey C. Hakanson, Esquire, Gibbons, Cohn, Neuman, Bello, Segall & Allen, P.A., Tampa, FL, for Creditor.

Herbert R. Donica, Esquire, Herbert R. Donica, P.A., Tampa, FL, for Andrea P. Bauman.

## ORDER ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT, ASSOCIATED RECEIVABLES FUNDING OF FLORIDA, INC.'S MOTION FOR SUMMARY JUDGMENT, AND ASSOCIATED RECEIVABLES FUNDING OF FLORIDA, INC.'S AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY

PAUL M. GLENN, Chief Judge.

**THIS CASE** came on for hearing on the Trustee's Motion for Summary Judgment Against Associated Receivables Funding of Florida, Inc. and Associated Receivables Funding of Florida, Inc.'s Motion for Summary Judgment in connection with Associated Receivables Funding of Florida, Inc.'s Amended Motion for Relief from Automatic Stay.

### Background

On October 16, 2002, a Chapter 7 petition was filed on behalf of Summit Staffing Polk County, Inc. (the Debtor). In the section of the petition requiring all other names used by the Debtor in the last 6 years, the name R & K Services was the only name entered. The street address of the Debtor was entered as 5903 Charloma Drive, Lakeland Fl 33813. In the list of equity security holders, the only entry was Randolf Vincent, with the same address as the Debtor.

From the affidavits, exhibits, and pleadings in support of the motions for sum-

mary judgment, the following facts appear to be uncontroverted:

1. On August 22, 2001, an agreement was entered between Associated Receivables Funding of Florida, Inc. (Associated Receivables) and Randy Vincent d/b/a Summit Staffing. Pursuant to the agreement, Vincent obtained operating funds from Associated Receivables, and sold and assigned certain accounts receivable to Associated Receivables. Vincent also granted Associated Receivables a security interest in all of his accounts receivable and in other collateral.

2. On September 4, 2001, a UCC Financing Statement was filed with the Secretary of State, Tallahassee, Florida, with Associated Receivables Funding, Inc. as the secured party, Randy A. Vincent as the debtor, and "Summit Staffing" as an additional debtor. The addresses of the debtor and of the additional debtor were both shown as 5903 Charloma Drive, Lakeland, Florida 33813. The additional debtor was identified as a sole proprietorship.

3. On March 14, 2002, Summit Staffing of Polk County, Inc. was incorporated, and on March 15, 2002, the Articles of Incorporation were filed with the Florida Secretary of State.

4. Summit Staffing of Polk County, Inc. conducted the business formerly conducted by Randy A. Vincent d/b/a Summit Staffing. Summit Staffing of Polk County, Inc. obtained operating funds from Associated Receivables, and sold and assigned accounts receivable to Associated Receivables, in the same manner as had Randy Vincent doing business as Summit Staffing. No new written agreement was signed between Associated Receivables and Summit Staffing of Polk County, Inc., however, and no new financing statement was filed with the Secretary of State.

5. Summit Staffing of Polk County, Inc. filed its Chapter 7 petition in the bankruptcy court on October 16, 2002, showing its name as Summit Staffing Polk County, Inc.

6. As of the date the petition was filed, Cutrale Citrus owed the Debtor approximately $190,000 (the Cutrale accounts receivable). These accounts receivable had been sold and assigned by the Debtor to Associated Receivables. The entire balance owed to the Debtor accrued more than four months after the Debtor's incorporation. (Some of the accounts have been paid, and the proceeds are being held in trust pending the outcome of this motion.)

7. In her affidavit in support of her motion for summary judgment, the Trustee states that she conducted a UCC search through the official Florida Secured Transaction Registry Internet website using the actual corporate name of the Debtor, "Summit Staffing of Polk County, Inc." The trustee stated: "This UCC search did not result in the disclosure of Randy Vincent's financing statement and no secured interest in any of the Debtor's assets was found."

8. In support of the motion for summary judgment of Associated Receivables, Robin Garcia, legal assistant to counsel for Associated Receivables, executed an affidavit. Ms. Garcia set forth in detail the steps she took in performing a UCC search through the same official Internet website, the Florida Secured Transaction Registry, for "Summit Staffing of Polk County, Inc." Attached to her affidavit were copies of the results pages of her search. According to Ms. Garcia's affidavit, after entering the Debtor's name, an alphabetical listing appeared on the results page, with "Summit Staffing Services" as the first listing on the page. Ms. Garcia then selected the "Previous" command to

display the results page with alphabetical listings immediately prior to "Summit Staffing Services." On this page was a listing for "Summit Staffing" with an address of 5903 Charloma Drive, and a listing for "Summit Staffing Inc." with a West Broward address.

## Discussion

Associated Receivables requests relief from the automatic stay to enforce its security interest in the Cutrale Citrus accounts receivable (the Cutrale accounts receivable). The Chapter 7 Trustee claims priority over the rights of Associated Receivables to the Cutrale accounts receivable. Both the Chapter 7 Trustee and Associated Receivables have filed motions for summary judgment. With regard to the motions for summary judgment, Bankruptcy Rule 7056, which applies in contested matters, states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The parties agree that there are no issues as to any material facts. The parties also acknowledge that the issues may be resolved in this procedural context.

■ Section 544(a) states, in part, as follows:

## 11 USC § 544. Trustee as lien creditor and as successor to certain creditors and purchasers

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers

of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists;

The Trustee's powers are the same as those of a hypothetical creditor of a debtor who has completed the legal process for perfection of its lien upon all property available for the satisfaction of its claim against the debtor. The Trustee's lien takes priority over all unperfected liens or security interests. The extent of the Trustee's powers under section 544 is determined by the applicable non-bankruptcy law. *Bakst v. Lifestyle Tree Maintenance Landscape Service, Inc. (In re HDI Partners)*, 202 B.R. 524, 528 (Bankr.S.D.Fla. 1996), *citing In re LMS Holding Co.*, 149 B.R. 681 (Bankr.N.D.Okla.1992).

■ The applicable non-bankruptcy law in this case is Revised Article 9 [1] of the Uniform Commercial Code as adopted in Florida, effective January 1, 2002. In Florida, Revised Article 9 is contained in Chapter 679, Florida Statutes, entitled Uniform Commercial Code: Secured Transactions.

---

**1.** *Former Article 9* will be used to refer to pre-2002 versions of the Uniform Commercial Code Article 9. Post 2001 revisions will be referred to as *Revised Article 9*.

Florida Statutes § 679.1021(1)(zz)(3) defines a trustee in bankruptcy as a "lien creditor" from the date of the filing of the petition. Pursuant to § 679.3171(1)(b)(1), a security interest is subordinate to the rights of lien creditor before such security interest is perfected, and a bankruptcy trustee takes priority over the rights of a holder of an unperfected security interest.

In this case, after entering the security agreement with Associated Receivables, the business changed its business structure from a sole proprietorship (Randy Vincent d/b/a Summit Staffing) to a corporation (Summit Staffing of Polk County, Inc.). The new corporation became generally obligated for the obligations of the sole proprietorship, including the obligation secured under the security agreement, and acquired or succeeded to all or substantially all of the assets of the sole proprietorship.

Florida Statutes § 679.2031(4)(b) provides that, in certain circumstances, a new debtor may become bound by a security agreement entered into by another person.

**679.2031 Attachment and enforceability of security interest; proceeds; supporting obligations; formal requisites.—**

(4) A person becomes bound as debtor by a security agreement entered into by another person, if, by operation of law other that this chapter or by contract:

(b) The person becomes generally obligated for the obligations of the other person, including the obligation secured under the security agreement, and acquires or succeeds to all or substantially all of the assets of the other person.

Accordingly, Summit Staffing of Polk County, Inc. became bound by the security agreement entered into by Randy Vincent d/b/a/ Summit Staffing.

Section 679.508, Florida Statutes, governs the effectiveness of a financing statement if a new debtor becomes bound by a security agreement. This situation may arise when an original individual debtor incorporates his business, and the business continues to operate with the secured financing arrangements already in place. (See Comment to § 679.508). Section 679.508 provides as follows:

**679.508. Effectiveness of financing statement if new debtor becomes bound by security agreement**

(1) *Except as otherwise provided in this section, a filed financing statement naming an original debtor is effective to perfect a security interest in collateral in which a new debtor has or acquires rights* to the extent that the financing statement would have been effective had the original debtor acquired rights in the collateral.

(2) *If the difference between the name of the original debtor and that of the new debtor causes a filed financing statement that is effective under subsection (1) to be seriously misleading* under the standard set forth in s. 679.5061:

(a) The financing statement is effective to perfect a security interest in collateral acquired by the new debtor before, and within 4 months after, the new debtor becomes bound under s. 679.2031(4); and

(b) The financing statement *is not effective to perfect a security interest in collateral acquired by the new debtor more than 4 months after the new debtor becomes bound* under s. 679.2031(4) unless an initial financing statement providing the name of the new debtor is filed before the expiration of that time.

(3) This section does not apply to collateral as to which a filed financing state-

ment remains effective against the new debtor under s. 679.5071(1).

(Emphasis supplied.) Therefore, if a new debtor is bound by a security agreement entered into by another person, the financing statement naming the original debtor is effective to perfect a security interest in collateral in which the new debtor acquires rights for at least four months. Following that, the filed financing statement continues to be effective unless the difference between the name of the original debtor and that of the new debtor causes the financing statement to be seriously misleading.

All of the Cutrale accounts receivable accrued more than four months after Summit Staffing of Polk County, Inc. became bound under the security agreement entered into by Summit Staffing. Pursuant to § 679.508(2), the financing statement disclosing Summit Staffing as the debtor continues to be effective to perfect the security interest in the Cutrale accounts receivable, unless the difference between the name Summit Staffing and the name Summit Staffing of Polk County, Inc. causes the financing statement to be seriously misleading.

The standard for determining whether the financing statement is seriously misleading is set forth in § 679.5061.

**679.5061 Effect of errors or omissions**

(1) A financing statement substantially complying with the requirements of this part is effective, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading.

(2) *Except as otherwise provided in subsection (3),* a financing statement that fails sufficiently to provide the name of the debtor in accordance with s. 679.5031(1) is seriously misleading.

(3) *If a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with s. 679.5031(1), the name provided does not make the financing statement seriously misleading.*

(4) For purposes of s. 679.508(2), the term "debtor's correct name" as used in subsection (3) means the correct name of the new debtor.

(Emphasis supplied.) Pursuant to this section, if a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that does not sufficiently provide [2] the name of the debtor, the name provided does not make the financing statement seriously misleading.

Accordingly, if a search of the records of the filing office under the name Summit Staffing of Polk County, Inc., using the filing office's standard search language, would disclose the financing statement showing Summit Staffing as the debtor, the financing statement is not seriously misleading. In other words, the security interest of Associated Receivables in the Cutrale accounts receivable was perfected by virtue of the filed financing statement if a search of the Florida Secured Transactions Registry [3] under the name Summit Staffing of Polk County, Inc. would dis-

**2.** A financing statement *sufficiently provides the name of the debtor,* if the debtor is a registered organization, *only if the financing statement provides the name of the debtor indicated on the public record of the debtor's jurisdiction of organization* which shows the debtor to have been organized. (Emphasis supplied.) Fla. Stat. § 679.5031(1)(a).

**3.** Florida law provides that the proper place to file a financing statement to perfect a security interest in accounts receivable is with the

close the filed financing statement showing Summit Staffing as a debtor.

According to the affidavit filed by Associated Receivables in support of its motion, a search of the Florida Secured Transaction Registry disclosed the following debtors:

| | |
|---|---|
| SUMMIT STAFFING | 5903 CHARLOMA DRIV [4] |
| SUMMIT STAFFING INC. | 6905 WEST BROWARD [5] |
| SUMMIT STAFFING SERVICES | 8521 S ORANGE BLOSSOM TRAIL ORLANDO |

The detailed record for SUMMIT STAFFING at 5903 CHARLOMA DRIV disclosed ASSOCIATED RECEIVABLES FUNDING INC as the secured party, and the following as the debtor parties:

SUMMIT STAFFING
5903 CHARLOMA DRIVE LAKELAND FL 33813

VINCENT RANDY A
5903 CHARLOMA DRIVE LAKELAND FL 33813

The corporate name of the Debtor in this case is Summit Staffing of Polk County, Inc., and the address of the corporation is 5903 Charloma Drive, Lakeland, Florida, 33813. A search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, disclosed the financing statement showing the debtor Summit Staffing with the address of 5903 Charloma Drive, Lakeland, Florida 33813, and the secured party as Associated Receivables.

Based on this, the Court determines that the earlier filed financing statement showing as a debtor Summit Staffing at 5903 Charloma Drive, Lakeland, Florida, is not seriously misleading, and is effective to perfect the security interest of Associated Receivables in the collateral of the Debtor, Summit Staffing of Polk County, Inc.

Accordingly, the Chapter 7 Trustee does not have priority over Associated Receivables to the Cutrale accounts receivable. The motion for summary judgment by Associated Receivables should be granted, and the motion for summary judgment by the Chapter 7 trustee should be denied. The automatic stay should be terminated and Associated Receivables should be entitled to pursue its in rem remedies against the collateral.

### Revised Article 9 and the Standard of Reasonableness

When a search is conducted in the Florida Secured Transaction Registry, a listing of debtors' names is produced. The listing is an alphabetical listing, and 20 names are displayed. If the debtor's actual name is produced, it is at the top of the list. If the debtor's name is not found, the next succeeding name on the alphabetical list is at the top of the list. To see the next preceding name on the alphabetical list, the searcher must use the "Previous" command on the screen. In fact, at the top of the list is the statement: "Use the Previous and Next buttons *to display additional search results.*" (Emphasis supplied.)

Florida Secured Transactions Registry. Fla. Stat. § 679.5011(1)(b).

4. The rest of this address is truncated on the copy attached to Ms. Garcia's affidavit.

5. The rest of this address is truncated on the copy attached to Ms. Garcia's affidavit.

This statement directs the searcher to use the "Previous" command to see the immediately preceding names on the alphabetical list.

Certainly the searcher should do this. Since the name immediately following Summit Staffing of Polk County, Inc. is produced at the top of the alphabetical list, and since the filing office's directions state that the searcher should use the "Previous" command to display additional search results, clearly a searcher should check the preceding names on the alphabetical list.

Although it is clear that a searcher should check the immediately preceding names as well as the immediately succeeding names on an alphabetical list if there is not an exact match of the debtor's correct name, the issue of "reasonableness" develops at some point because the listing is an alphabetical listing. Although only three names begin with "Summit Staffing," there are several screens of debtors' names, with 20 names per screen, that begin with "Summit." Moreover, since the listing is an alphabetical listing, it is conceivable that one could use the "Previous" command to go back to the beginning of the alphabetical list.

■ The purpose of the UCC filing system is to provide public notice of UCC filings, and section 679.5061(3) is reflective of this purpose. If the erroneous financing statement is disclosed in a search using the debtor's correct name, then the financing statement is effective because notice of the filing has been accomplished. Revised Article 9 does not require that a searcher take actual notice of the filing, however. Whether the erroneous filing was actually found by the searcher or not, the fact that a financing statement would be disclosed in the results of a proper search is sufficient to exempt the financing statement from being seriously misleading.

Courts applying Former Article 9 imposed a duty on searchers to be reasonably diligent. In various cases and jurisdictions courts disagreed as to the actions that constituted a reasonably diligent search; however, courts generally agreed that a financing statement was not seriously misleading if it would be found by a reasonably diligent searcher.

Many courts held that a reasonably diligent searcher would conduct multiple searches using trade names, common misspellings of the debtor's name, and other reasonable search queries.[6] However, even under Former Article 9, many courts rejected this burden and did not require searches under multiple names, but looked to the results of searches conducted using the debtor's correct name.[7]

■ Revised Article 9 requires more accuracy in filings, and places less burden on the searcher to seek out erroneous filings. The revisions to Article 9 remove some of the burden placed on searchers under the former law, and do not require multiple searches using variations on the debtor's name. Revised Article 9 rejects the duty of a searcher to search using any names

6. *In re Glasco, Inc.,* 642 F.2d 793 (5th Cir. 1981); *In re Admor's Office World, Inc.,* 1992 WL 350577, 1992 Bankr.LEXIS 1811 (Bankr. S.D.N.Y.); *In re Darling Lumber, Inc.,* 56 B.R. 669 (Bankr.E.D.Mich.1986); *In re Strickland,* 94 B.R. 898 (Bankr.N.D.Miss.1988); *In re Thriftway Auto Supply, Inc.,* 156 B.R. 300 (Bankr.W.D.Okla.1993), *aff'd* 159 B.R. 948 (W.D.Okla.1993), *aff'd* 39 F.3d 1193 (10th Cir.1994).

7. *In re Wardcorp, Inc.,* 133 B.R. 210 (Bankr. S.D.Ind.1990); *First Nat'l Bank v. Strong,* 278 Ill.App.3d 762, 215 Ill.Dec. 421, 663 N.E.2d 432 (1996); *Industrial Mach. & Equip. Co. v. Lapeer County Bank & Trust Co.,* 213 Mich. App. 676, 540 N.W.2d 781 (1995); *B.T. Lazarus & Co. v. Christofides,* 104 Ohio App.3d 335, 662 N.E.2d 41 (1995).

other than the name of the debtor indicated on the public record of the debtor's jurisdiction of organization. Section 679.5061(3) exempts an erroneous filing from being seriously misleading only if it would be disclosed in a "search of the records of the filing office under the *debtor's correct name.*" (Emphasis added.)

In *Introducing Revised Article 9 of The Uniform Commercial Code,* 30 Colo. Law. 9, 16 (Sept.2001), J. McCabe and A. Travers, who were members of he CBA Task Force on Revised Article 9, refer to the relevant provisions of Article 9 as follows:

New Article 9 attempts to tighten the requirements for accuracy in the description of the debtor's name in the financing statement. The basic rule is that the name of the debtor as stated in the financing statement must match exactly the legal name of the debtor. This approach puts a high premium on knowing the name of the debtor. However, a debtor's name will not be deemed seriously misleading and thus will be adequate for financing statement purposes if the search logic used by the filing officer would in fact identify the name used in the financing statement in a search under the debtor's actual legal name.

Accordingly, if ACME Tools, Inc., for example, is inaccurately identified in the financing statement as "ACME Tool Corporation," but a search of the records using the search logic of the state in question under the name "ACME Tools, Inc." would reveal the financing statement showing the name "ACME Tool Corporation," the name of the debtor will not be deemed seriously misleading.

█ Although Revised Article 9 does not require that a searcher exercise reasonable diligence in the selection of the names to be searched or the number of searches to conduct, the revisions to Article 9 do not entirely remove the duty imposed on a searcher to be reasonably diligent. One who searches the filings of a state must examine the results of a proper search with reasonable diligence. A searcher is not required to conduct multiple searches; however, a searcher must reasonably examine the results of the proper search using the debtor's correct name to determine if any financing statements relating to the debtor are disclosed by that search.

In Florida, where the results of a search produce an alphabetical listing of debtors, a searcher is still required to use reasonable diligence in examining the results of the search. If a reasonably diligent searcher would find the erroneous financing statement among the results of a proper search, then notice of the financing statement has been provided. Such a financing statement meets the requirements of section 679.5061(3) and is not seriously misleading.

### Conclusion

The correct name of the Debtor in this case is Summit Staffing of Polk County, Inc., and the address of the corporation is 5903 Charloma Drive, Lakeland, Florida, 33813. A search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, discloses the financing statement showing the debtor Summit Staffing with the address of 5903 Charloma Drive, Lakeland, Florida 33813, and the secured party as Associated Receivables. The filed financing statement is not seriously misleading, and is effective to perfect the security interest of Associated Receivables in the Cutrale accounts receivable.

Accordingly, it is appropriate to deny the Trustee's Motion for Summary Judg-

ment and to grant the Motion for Summary Judgment of Associated Receivables.

Accordingly:

**IT IS ORDERED** that

1. The Trustee's Motion for Summary Judgment is denied.

2. Associated Receivables' Motion for Summary Judgment is granted.

3. The Amended Motion for Relief from the Automatic Stay filed by Associated Receivables Funding of Florida, Inc. is granted, and the automatic stay is terminated to allow Associated Receivables Funding of Florida, Inc. to proceed with its in rem remedies.