**UNITED STATES of America, Plaintiff,**

v.

**LMS HOLDING COMPANY, Defendant.**

**No. 92–C–1198–B.**

United States District Court, N.D. Oklahoma.

Sept. 21, 1993.

J. Joseph Raymond, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for the U.S.

Hall, Estill, Hardwick, Gable, Golden & Nelson, Thomas A. Creekmore, III, Pamela H. Goldbert, Tulsa, OK, for LMS Holding, Petroleum Mkt. Co. and Retail Marketing Co.

### ORDER

BRETT, District Judge.

Now before the Court is the United States of America's appeal of a decision by the United States Bankruptcy Court for the Northern District of Oklahoma. The Bankruptcy Court found that Appellees could avoid a lien by the Internal Revenue Service

1. The IRS claimed that MAKO owed it some $350,000 in delinquent taxes and interest. *Complaint to Avoid Liens,* July 29, 1992.

2. The Bankruptcy Court found that the IRS participated in the MAKO bankruptcy and was

("IRS") pursuant to 11 U.S.C. § 544(a)(1), 149 B.R. 681. The result of that decision left the IRS with an unsecured claim against Debtors.

### I.  The Facts

On January 25, 1988, the IRS filed a perfected *Notice of Tax Lien* against property held by MAKO, Inc.[1]  MAKO filed bankruptcy and filed a plan that listed the IRS claim as a "Disputed Secured Claim".  Subsequently, Retail Marketing Corporation ("RMC") acquired the property that was subject to the tax lien.  The IRS had notice of the MAKO bankruptcy and was aware of the formulation and confirmation of the plan, which included the terms of the sale of the MAKO property to RMC.[2]  The MAKO plan was confirmed in August of 1989.

The IRS did not file a *Notice of Tax Lien* against RMC or any other type of filing in the name of RMC or the other debtors, alerting others of its tax lien on the property. RMC later filed for bankruptcy, and the Bankruptcy Court filed an *Order,* setting November 20, 1991 as the last day to file proofs of claim against the debtor.  The IRS failed to file its claim by that date, and instead waited until November 19, 1992 to do so.

As a result, RMC and other debtors filed a *Complaint To Avoid Liens* on July 29, 1992 in the Bankruptcy Court.  After examining the complaint, the Bankruptcy Court held that the IRS, pursuant to 26 U.S.C. § 6323, was required to file a new notice of tax lien against RMC.  Since it failed to do so, the Bankruptcy Court found that the RMC was entitled to avoid the lien pursuant to 11 U.S.C. § 544(a)(1).  That decision left the IRS with an unsecured claim against RMC.

### II.  Legal Analysis

The issue is whether the Bankruptcy Court erred as a matter of law in finding that the IRS was required to file a second *Notice of Tax Lien* under 26 U.S.C. § 6323 against

aware of the "formulation and confirmation" of the MAKO Plan, including the terms of the sale of the Subject Property to RMC. *Order Granting Plaintiffs' Motion,* December 29, 1992.

RMC to retain their status as a judgment lien creditor. Section 6321 states that the IRS can file a lien against delinquent taxpayers. But § 6323(a) states:

> The lien imposed by section 6321 *shall not be valid* as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.[3]

No mandatory precedent on this specific issue was found, but a close analogy exists between the facts here and cases involving a taxpayer's name change. For example, in *Davis v. United States*, 705 F.Supp. 446 (C.D.Ill.1989), the IRS filed a notice of tax lien against the property of "Gillian Renslow" for delinquent taxes. Gillian Renslow, however, was divorced in 1981 and changed her name to "Gillian Rongey" in 1982 when she remarried. The IRS did not file a second tax lien against Gillian Rongey. Rongey then sold the property in 1986. The IRS started foreclosure proceedings, asserting that it did not have to refile notice of a tax lien when a taxpayer has changed her name. The court rejected that argument:

> The entire statutory scheme under which the IRS is granted the duty and authority to file notices of tax liens compels a finding of a duty to refile under such circumstances. The sine qua non of Section 6323 is notice to subsequent takers of the existence of the IRS lien. *Id.* at 453.

The court held that "where the IRS has notice that a delinquent taxpayer has changed his or her name, and where the notice of tax lien was filed under the taxpayer's original name, the IRS is under an affirmative duty to refile the notice of tax lien to show the taxpayer's new name." *Id.* Another court, facing a similar issue, concluded:

> The remarriage of Carolyn Clark (of which the Internal Revenue Service received notice) resulted in a situation where there was no reasonable opportunity for a prudent person dealing with the delinquent taxpayer to ascertain the existence of a federal tax lien. A "reasonable inspection" would not reveal the lien. *United States v. Clark*, 81-1 U.S.T.C. ¶ 9406, 1981 WL 1790 (S.D.Fla.1981).

While the facts in the *Davis* and *Clark* cases differ from the instant case, the issues are similar. Here, the IRS filed a tax lien against property belonging to MAKO. The property changes hands, and the IRS—which knew about the RMC acquisition—failed to file a new lien in the name of RMC.

The IRS attempts to distinguish the instant case from *Davis* and *Clark* because no "name change" took place (i.e. MAKO did not become RMC). Yet, as the Bankruptcy Court pointed out, RMC's acquiring of MAKO property through bankruptcy is much more complex than a simple name change. If the IRS must file a new notice of a tax lien against taxpayers who merely change their name, the same result should ensue when an entirely new entity is involved. Otherwise, how would a reasonable inspection reveal that property owned by RMC is the subject of a federal tax lien that was filed originally against MAKO? In addition, the problem could have been eliminated had IRS simply followed the statute.

In essence, the IRS—which fails to provide persuasive or mandatory legal authority on point—asks the Court to ignore the requirements of § 6323. That should not be done.[4] A *valid* lien under § 6321 against

---

3. Subsection (f) requires the IRS to file notice of the lien according to state law.

4. Part of the IRS' argument appears to be that, once the IRS files a federal tax lien, it must do no more. See *United States v. Cache Valley Bank*, 866 F.2d 1242, 1244 (10th Cir.1989) ("The federal tax lien arises when unpaid taxes are assessed and continues until the resulting liability is either satisfied or becomes unenforceable through lapse of time.") It is true that once a lien has attached in property, the lien cannot be extinguished (if it has been properly filed) by a transfer or conveyance of the interest. See, gen-erally, *United States v. Rodgers*, 461 U.S. 677, 690, fn. 16, 103 S.Ct. 2132, 2141, fn. 16, 76 L.Ed.2d 236. But, if no proper filing has taken place, the priority of the lien can be affected. See *Title Guaranty Company v. Internal Revenue Service*, 667 F.Supp. 767, 769 (D.Wyo.1987) ("Failure to refile the lien does not necessarily affect the validity of the lien, but affects ... the priority of the lien.") In the instant case, the Bankruptcy Court did not extinguish the lien. It merely concluded that, due to the IRS' failure to follow § 6323, the IRS had only an *unsecured* claim.

judgment lien creditors must follow the requirements set forth in § 6323(f). By not filing a new notice in the name of RMC, despite having knowledge of the RMC's acquisition of the MAKO property, the IRS erred. As a result of that error, the Bankruptcy Court found that the IRS now has an *unsecured* claim. That decision was not an error as a matter of law. As a result, the decision is **AFFIRMED.**

SO ORDERED.