**Denise COOK and the United States of America Plaintiffs,**

v.

**Zeke LAYMAN Defendant.**

**No. CIV–F–00–6926 OWW SMS.**

United States District Court,
E.D. California.

Jan. 22, 2003.

Kirk K Livermont, Independence, CA, Kathryn Dunaway, Law Office of Kathryn Dunaway, Lone Pine, CA, for Denise Cook.

Paul L Seave, United States Attorney, Sacramento, CA, Norma J. Schrock, U.S. Dept. of Justice, Tax Div., Washington, DC, for USA.

Zeke Layman, Chico, CA, pro se.

**MEMORANDUM DECISION AND ORDER RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

WANGER, District Judge.

## I. *INTRODUCTION*

Plaintiff United States of America moves for summary judgement on its foreclosure action against Defendant Layman ("Motion"). *See* Doc. 55, filed September 18, 2002. Plaintiff seeks to enforce Magistrate Judge Snyder's ruling that the tax liens attach to the subject property and it is authorized to foreclose those liens against certain real property. Defendant Layman opposes Plaintiff's motion for summary judgment (("Opposition") *see* Doc. 64, filed November 22, 2002), to which Plaintiff replies (("Reply") *see* Doc. 68, filed December 2, 2002), and filed a cross-motion for summary judgment (("Cross–Motion") *see* Doc. 70, filed December 3, 2002) whereupon Plaintiff responds in opposition (("Response") *see* Doc. 74, December 18, 2002).

## II. *BACKGROUND*

On November 23, 1987, Irwin and Darline Ruth Koff transferred their interest in the subject real property to Defendant for consideration of $40.00 in silver. *See* Doc.19 at p.3. The Koffs' transfer to Layman was not recorded until March 30, 1992. *See id.* On February 27, 1990, and on April 2, 1990, the IRS recorded liens against the real property for delinquent taxes resulting from the Koffs' failure to file income tax returns for the tax years 1982–1985. *See id.*

In 1996, plaintiff Denise Cook entered into an agreement to purchase the subject real property from Defendant Layman for $115,000.00. *See* Doc.20 at p.1; Doc.36 at Exh. A. The sale was not completed because of federal tax liens filed against Zeke Layman's predecessor in interest. *See* Doc.20 at p.1. On or about May of 1998, Denise Cook filed this action for specific performance in state court. *See* Doc.19 at p.3. The United States intervened in the specific performance action, and removed the case to federal court. *See* Doc.20 at p.2. The Government's complaint in intervention seeks foreclosure on its liens. *See id.*

On January 11, 1999, Defendant Layman brought a quiet title action against the Government. *See* Doc.20 at p.3; CIV–F–99–5239, Doc.1. On December 21, 1999, in CIV–F–99–5239, Magistrate Judge Snyder ruled that the tax lien attached to the land at issue and granted summary judgment in favor of the Government and denied Layman's summary judgment motion. *See id.* at p.4; Doc.33 at p.2:1–2; CIV–F–99–5239, Docs.32–33. On January 23, 2001, Defendant's motion for reconsideration was denied. *See* Doc.20 at p.4.

On February 26, 2001, Defendant filed a notice of appeal in the quiet title action. *See* Doc.20 at p.2. On March 21, 2001, the Ninth Circuit found the notice of appeal untimely. *See id.*, Exh. A. The Ninth Circuit limited review of the quiet title appeal to the order denying the motion for reconsideration. *See id.*, Ex. A. On May 15, 2001, this action was stayed for three months for decision in the higher court. *See* Doc.24. On December 28, 2001, the Ninth Circuit affirmed the ruling that the I.R.S. lien attached to the land at issue. *See* Doc.32 at p.2:2–3.

On January 31, 2002 Plaintiff Cook, filed a "Motion For Order Permitting the Sale of Real Property." *See* Docs. 27,29. The I.R.S. opposed Plaintiff's motion. *See* Doc.

32. Plaintiff's motion was denied on March 11, 2002. *See* Doc 38. Plaintiff Cook and the I.R.S. have reached agreement and jointly filed a new "Motion For Order Permitting the Sale of Real Property."

On March 28, 2002 Defendant, Layman, filed a petition for Certiorari with the U.S. Supreme Court which was docketed on September 30, 2002 (Docket No. 02–503). *See* Doc. 70, p. 5. District Court review of Plaintiff's motion for summary judgment was postponed pending the final outcome of the appeal. *See* Doc. 61, filed October 16, 2002. The Supreme Court denied Defendant's cert. petition on November 4, 2002. *See* Doc. 70, p. 5.

### III. *LEGAL STANDARD*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." FED. R. CIV. P. 56(c); *see also Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 899 (9th Cir.1993). A genuine issue of fact exists when the non-moving party produces evidence on which a reasonable trier of fact could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party. *See Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir.1995); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252–56, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party cannot simply rest on its allegation without any significant probative evidence tending to support the complaint. *See U.A. Local 343 v. Nor–Cal Plumbing, Inc.,* 48 F.3d 1465, 1471 (9th Cir.1994).

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ The more implausible the claim or defense asserted by the opposing party, the more persuasive its evidence must be to avoid summary judgment. *See United States ex rel. Anderson v. Northern Telecom, Inc.*, 52 F.3d 810, 815 (9th Cir.1995). Nevertheless, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor." *Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. 2505. A court's role on summary judgment, however, is not to weigh the evidence, *i.e.*, issue resolution, but rather to find genuine factual issues. *See Abdul–Jabbar v. General Motors Corp.*, 85 F.3d 407, 410 (9th Cir.1996).

■ Evidence submitted in support of or in opposition to a motion for summary judgment must be admissible under the standard articulated in 56(e). *See Keenan v. Hall*, 83 F.3d 1083, 1090 n. 1 (9th Cir. 1996); *Anheuser–Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 345 n. 4 (9th Cir.1995). Properly authenticated documents, including discovery documents, although such documents are not admissible in that form at trial, can be used in a motion for summary judgment if appropriately authenticated by affidavit or declaration. *See United States v. One Parcel of Real Property*, 904 F.2d 487, 491–492 (9th Cir.1990). Supporting and opposing affidavits must be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. *See* FED. R. CIV. P. 56(e); *Conner v. Sakai*, 15 F.3d 1463, 1470 (9th Cir.1993), *rev'd on other grounds sub nom. Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

## IV. *ANALYSIS*

■ Plaintiff argues that summary judgement must be granted because federal tax liens attached to the subject property and no genuine issue of material fact exists to prevent foreclosure of the liens. *See* Doc. 55. Defendant is collaterally estopped from litigating the merits of the tax liens, which were finally decided in the quiet title action decided by Judge Sandra M. Snyder. *See* Doc. 55, p. 3–4. Judge Snyder held that the transfer of land to Defendant Layman was fraudulent:

> Specifically, the Court find the consideration of the property, $40.00, to be only nominal consideration, and that the property transfer from the Koffs to Layman was with knowledge that an assessment of unpaid taxes was quickly forthcoming. December 21, 1999 Order, pp. 6–7.

Judge Snyder's decision identifies, somewhat indirectly, that the tax liens arising from the Koffs liabilities attached to the fraudulently conveyed real property. *See id.* The December 28, 2001 Ninth Circuit's now final ruling affirming the District Court order that the I.R.S. lien attached to the subject real property is conclusive. *See* Doc. 32 at p. 2:2–3. Defendant, Layman, was the Plaintiff in that case, he is precluded now from relitigating that issue under the doctrine of issue preclusion (collateral estoppel). Since Plaintiff United States has an interest in the subject property, and Defendant has exhausted all appeals made to the Ninth Circuit and U.S. Supreme Court, the real

property is eligible to be sold pursuant to I.R.C. § 7403(c).

■ Defendant Layman opposes by arguing that genuine issues of material fact exist.[1] Defendant argues that since there was a period of time where the notices of federal tax liens did not appear on the property's title, so that he was not given Constitutional "notice" of the liens encumbering the property. *See* Doc. 64, pp.4–6. Defendant offers declarations from Sean M. Brien and Mary Lou Sipherd of Inyo–Mono Title Co. to evidence the liens in question were not recorded against the subject property on October 3, 1996 and were not re-filed until May 21, 1997. *See* Doc. 64, Exhibits A & B. Defendant contests the validity of the liens during the seven months they were removed, citing *U.S. v. LMS Holding Co.* as support that a tax lien not re-filed is rendered unperfected during a property's transfer to a third party. (161 B.R. 1020 (Bankr.N.D.Okla. 1993)).

Plaintiff contends that when the notices of liens were filed is immaterial, that filing a notice is necessary only to preserve its validity and priority against certain persons such as a bona fide purchaser, without notice, which Defendant is not. Moreover, Judge Snyder's decision controls this matter; the transfer to Defendant was fraudulent and the tax liens attached to the property and are valid and subsisting.

■ Defendant also argues that Plaintiff's claim of fraudulent transfer is extinguished by the Uniform Fraudulent Transfer Act (UFTA). According to the UFTA, "...a cause of action with respect to a fraudulent transfer...is extinguished if no action is brought or levy made within seven years after the transfer was made...." *See* Cal. Civ.Code § 3439.09(c). Defendant argues that since the property was transferred on November 23, 1987 and Plaintiff did not file its complaint until August 30, 2000, more than twelve and one-half years later, Plaintiff's complaint was filed after the extinguishment of the claim. As further support, Defendant cites *U.S. v. Vellalos* for the position that state law can extinguish a cause of action entirely and bar a federal government claim to collect its debts. (780 F.Supp. 705, 708 (D.Hawai'i 1992) aff'd, 990 F.2d 1265, 1993 WL 78061 (9th Cir.1993)). Defendant reasons that since the statutory period in which to challenge a fraudulent conveyance has passed, Plaintiff's claim has been extinguished, and, according to *Vellalos*, the state statute bars Plaintiff from collecting its tax debts. Therefore, Defendant argues, Judge Snyder's decision is erroneous and Plaintiff's motion for summary judgement should be denied.

Plaintiff reiterates that it is too late for Defendant to challenge Judge Snyder's ruling, and then points out that Defendant's argument fails because *Vellalos* is not good case law. The Ninth Circuit abrogated *Vellalos* in *Bresson v. Commissioner* where it held:

> Because the United States is here acting in its sovereign capacity in an effort to enforce right ultimately grounded on federal law, the rule of *Summerlin* will not allow the *"extinguishment"* of a valid, fully accrued claim by the IRS

---

1. In his opposition to Plaintiff's motion for summary judgment, Defendant argues that genuine issues of material fact exist. Interestingly, Defendant's cross-motion for summary judgment is on the identical grounds which he raised to this Court in his earlier opposition to summary judgment on the same issue. Defendant's efforts to simultaneously argue the existence of genuine issues of material fact and circumstances mandating judgment as a matter of law are legally inconsistent. Nonetheless, since both Plaintiff's and Defendant's respective motions for summary judgement and opposition present the same arguments, both parties' motions are addressed.

brought under the CUFTA. To the extent that cases such as *Vellalos* and *Wright* are inconsistent with this holding, we disapprove them. (213 F.3d 1173, 1178 (2000)).

As a matter of federal law, Plaintiff's claim is not extinguished by California law.

 Defendant argues that Plaintiff's claim is barred by the ten year statute of limitations provided in 26 U.S.C. § 6502(a)(1). From the assessment date of October 30, 1989, Plaintiff had until October 31, 1999 to initiate its claim. Not having done so, Plaintiff forfeited any and all opportunity to bring its claim against Defendant. Plaintiff argues that the liabilities underlying the lien in this case have been reviewed by the court and were reduced to judgment on July 22, 2002 (Case Number CIV–F–00–1954). *See* Doc. 68, Exhibit 1. Since Judge Karlton adopted Magistrate Judge Drodz' findings that the statute of limitations did not expire before September 21, 2000, Plaintiff's August 30, 2002 intervention in this action occurred before the statute ran.

There are no genuine issues of material fact remaining. The prior rulings upholding validity of the tax lien and its enforceability are "law of this case." Plaintiff's summary judgment motion is GRANTED. Defendant's motion for summary judgement is DENIED.

## V. *CONCLUSION*

For the reasons stated above; Plaintiff's motion for summary judgment is GRANTED.

Defendant Layman's motion for summary judgment is DENIED.

Within five (5) days following service of this decision, the Government shall lodge with the court a proposed order in conformity with this decision.

SO ORDERED.