39 F.3d 1193
 25 UCC Rep.Serv.2d 982
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re THRIFTWAY AUTO SUPPLY, INC., Debtor,
CITIZENS NATIONAL BANK & TRUST CO., Appellant,
v.
STAR AUTOMOTIVE WAREHOUSE, INC., Appellee.
 No. 93-6388.
 United States Court of Appeals, Tenth Circuit.
 Nov. 14, 1994.
 
 Before BALDOCK, McKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises from an adversary proceeding brought in the Chapter 7 bankruptcy of debtor, Thriftway Auto Supply. Appellee Star Automotive is a wholesaler of automotive parts. In connection with a credit agreement between Thriftway and Star, Star took a security interest in Thriftway's inventory, fixtures, accounts receivable, furniture, equipment, and machinery. Star filed a financing statement with the Oklahoma County Clerk's Office on October 11, 1989, identifying the debtor by its tradename, Thriftway Auto Stores.
 
 
 3
 Thereafter, Thriftway entered into a series of credit transactions with Appellant Citizens National Bank, pursuant to which the bank took a security interest in virtually the same collateral as was secured by Star. The bank filed its financing statement on March 15, 1991, identifying the debtor by its legal name, Thriftway Auto Supply, Inc. At that time, the bank requested that the Oklahoma County Clerk's Office search its computer files for previously filed financing statements under the debtor's corporate name, Thriftway Auto Supply, Inc. This computer search did not reveal Star's previously filed financing statement against "Thriftway Auto Stores."
 
 
 4
 Thriftway filed for Chapter 7 bankruptcy on January 12, 1993. On February 1, 1993, Star filed an adversary complaint in the bankruptcy proceeding, seeking a determination as to the priority of its security interest. Both parties filed motions for summary judgment: Star maintained the priority of its lien over the bank's because it was first to file; the bank argued that, because Star's financing statement failed to identify the debtor by its legal name, Star's filing was defective and, therefore, the bank's security interest had priority. The bankruptcy court found that Star's use of the debtor's trade name was a minor error that was not seriously misleading and that the bank's search under only the debtor's legal name was unreasonable. The district court affirmed the bankruptcy court's decision, finding that the bank did not conduct a reasonably diligent search and that Star's use of the debtor's trade name was not seriously misleading.
 
 
 5
 Our review of the district court's affirmance of the bankruptcy court's decision is governed by the same standards that governed the district court's review. United States v. Berger (In re Tanaka Bros. Farms, Inc.), No. 93-1211, 1994 WL 532085, at * 2 (10th Cir. Oct. 3, 1994). We review legal determinations de novo and factual findings for clear error. Clark v. Security Pac. Business Credit, Inc. (In re Wes Dor, Inc.), 996 F.2d 237, 241 (10th Cir.1993).
 
 
 6
 Under Oklahoma law,
 
 
 7
 [a] financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral.
 
 
 8
 Okla. Stat. Ann. tit. 12A, section 9-402(1) (West Supp.1994). "A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or the names of partners." Id. at section 9-402(7). In addition, "[a] financing statement substantially complying with the requirements of [section 9-402] is effective even though it contains minor errors which are not seriously misleading." Id. at section 9-402(8). The issue before us is whether Star's identification of the debtor in its financing statement as "Thriftway Auto Stores," when the debtor's legal corporate name is "Thriftway Auto Supply, Inc.," is a minor error that is not seriously misleading.
 
 
 9
 The Oklahoma courts have established that the purpose of the filing system is to provide notice to creditors that a security interest exists in the debtor's property. Peoples Nat'l Bank v. Uhlenhake, 712 P.2d 75, 77 (Okla. Ct.App.1985). A financing statement must contain "sufficient information 'necessary to put any searcher on inquiry.' " Id. (quoting In re Excel Stores, Inc., 341 F.2d 961, 963 (2d Cir.1965)). Tied into that inquiry is a determination of whether the prior security interest would have been discovered by a reasonably prudent subsequent creditor. Id. at 78.
 
 
 10
 The Oklahoma Supreme Court decided a case, not cited by either of the parties to this appeal, that is instructive as to whether Star's technical error is seriously misleading. Union Nat'l Bank v. Bancfirst (Seminole), 871 P.2d 422 (Okla.1993), involved a situation where the corporate structure of a business had changed, resulting, the court found, in a name change from Webb Metals to Webb Expanded. A creditor had filed a financing statement identifying the debtor by its original name, Webb Metals. Section 9-402(7) states that, where a debtor changes its name, identity, or corporate structure, such that a filed financing statement becomes seriously misleading, the filing is not effective to perfect a security interest in collateral acquired after a certain time period, unless a new financing statement is filed. In determining whether the filed financing statement listing Webb Metals as the debtor instead of Webb Expanded was seriously misleading, the court held:
 
 
 11
 What is required by the code is accuracy sufficient to reasonably put a third party on notice that further inquiry is needed. In this case, Webb Metals changed its name to Webb Expanded. This is different than the case where a company's new name in no way resembles its former name causing it to be seriously misleading. Because in this case the change was not seriously misleading, First was not required to refile or amend its financing statement to maintain a perfected security interest in Webb Expanded's accounts receivable.
 
 
 12
 Bancfirst, 871 P.2d at 426.
 
 
 13
 Based on the reasoning of the Oklahoma Supreme Court, we hold that Star's identification of the debtor in its financing statement as "Thriftway Auto Stores," as opposed to "Thriftway Auto Supply, Inc.," is a minor error that is not seriously misleading.[2] See also Pearson v. Salina Coffee House, Inc., 831 F.2d 1531, 1536 (10th Cir.1987)(implying that, under the Kansas codification of the Uniform Commercial Code, use of a trade name that is similar to the legal name is not seriously misleading). Our holding is based on the substantial similarity of the debtor's legal name and the variation used by Star. We do not presume to give any opinion as to whether any variation of the debtor's legal name that is any less similar than that used by Star would be a minor error and not seriously misleading.
 
 
 14
 Part and parcel of the determination of whether an error is minor and not seriously misleading is that a subsequent creditor to whom the filing system is designed to give notice must be a reasonably prudent creditor. See In re Fowler, 407 F.Supp. 799, 802 (W.D. Okla.1975); Uhlenhake, 712 P.2d at 78. We agree with the finding by both the district and bankruptcy courts that the bank did not act as a reasonably prudent creditor in conducting such a narrow and limited search.
 
 
 15
 A creditor or other interested party should behave in a reasonably prudent manner by conducting a reasonably diligent search. In this particular case, the name used by Star was substantially similar to the debtor's true legal name in that it contained the two most unique and descriptive words in the debtor's true legal name, "Thriftway" and "Auto." A reasonably prudent creditor conducting a reasonably diligent search would have formulated a search aimed at revealing filings under substantially similar names.
 
 
 16
 Where a conflict between security interests exists, the " 'interests rank according to priority in the time of filing or perfection' whichever occurred earliest." Bancfirst, 871 P.2d at 426 (quoting Okla. Stat. Ann. tit. 12A, section 9-312(5)(a) (West Supp.1994)). Because Star's financing statement remained effective pursuant to section 9-402(8), its financing statement predates the bank's. Star's security interest in the collateral described in its financing statement has priority, therefore, over the bank's security interest. AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We recognize that Bancfirst involved application of section 9-402(7), but it is certainly instructive on what sort of name discrepancy the Oklahoma courts would find seriously misleading