In re Terrance Joseph KINDERK-NECHT, doing business as Smoky Hill Farms, LLC., Debtor.

Carl R. Clark, Trustee, Plaintiff–Appellant,

v.

Deere and Company, and Deere Credit Services, Inc., Defendants–Appellees,

Terrance Joseph Kinderknecht, Appellee.

Ron Thornburgh, Secretary of State of Kansas, Amicus Curiae.

BAP No. KS–03–085.
Bankruptcy No. 02–20733–7.
Adversary No. 02–6049.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

April 16, 2004.

Carl R. Clark and Jeffrey A. Deines of Lentz & Clark, Overland Park, Kansas, for the Plaintiff–Appellant.

Bruce J. Clark and Anne L. Baker of Wright, Henson, Somers, Clark & Baker, LLP, Topeka, Kansas, for Defendants–Appellees.

John K. Pearson and J. Scott Pohl of Hinkle Elkouri Law Firm, LLC, Wichita, Kansas, and Melissa A. Wangemann, Legal Counsel and Deputy Assistant Secretary of State, Topeka, Kansas, for Amicus Curiae.

Before BOHANON, McNIFF, and THURMAN, Bankruptcy Judges.

OPINION

THURMAN, Bankruptcy Judge.

The Chapter 7 trustee timely appeals a final Judgment of the United States Bank-ruptcy Court for the District of Kansas in favor of Deere and Company and Deere Credit Services, Inc. (collectively, "Deere"), refusing to avoid Deere's interests in the debtor's property pursuant to 11 U.S.C. § 544(a)(1).[1] The parties have consented to this Court's jurisdiction because they have not elected to have this appeal heard by the United States District Court for the District of Kansas.[2] Upon review of the entire record, including the Brief of Amicus Curiae Ron Thornburgh, Secretary of State of Kansas (Secretary of State) and Deere's response thereto, we REVERSE the bankruptcy court's Judgment.

I. *Background*

It is undisputed that the debtor's legal name is "Terrance Joseph Kinderknecht." In addition, it is undisputed that the debtor is informally known as "Terry."

The debtor granted Deere security interests in two farm implements. Deere promptly filed financing statements in the appropriate place, listing the debtor as "Terry J. Kinderknecht."

Subsequently, the debtor filed a Chapter 7 petition. His petition, while signed by "Terry Kinderknecht," is filed under his legal name, "Terrance J. Kinderknecht."

The trustee in the debtor's Chapter 7 case commenced an adversary proceeding against Deere, seeking to avoid its interests in the debtor's farm implements pursuant to 11 U.S.C. § 544(a)(1). According to the trustee, Deere's interests in the

---

1. 28 U.S.C. § 158(a)(1); Fed. R. Bankr.P. 8002(a).

2. 28 U.S.C. § 158(c); Fed. R. Bankr.P. 8001(e).

property were avoidable because they were not perfected under the Kansas Uniform Commercial Code inasmuch as its financing statements, listing the debtor by his nickname as opposed to his legal name, were "seriously misleading" and ineffective. Deere argued that providing the debtor's commonly used nickname in its financing statements was sufficient, and that its interests in the debtor's property were perfected under Kansas law. Cross motions for summary judgment were filed.

The bankruptcy court entered Judgment in favor of Deere, holding that Deere's interests in the debtor's property were not avoidable by the trustee under § 544(a)(1). In its Memorandum Opinion, *Clark v. Deere & Co. (In re Kinderknecht),*[3] the bankruptcy court concluded that Deere's financing statements were sufficient to perfect its interests in the debtor's property even though Deere listed the debtor in its financing statements by the debtor's nickname.

The trustee timely appealed the bankruptcy court's Judgment to this Court. After the trustee's appeal was submitted, the Court granted the Secretary of State leave to appear and file a Brief as Amicus Curiae. Under Kansas law, the Secretary of State is charged with maintaining the data base used to track the filing of financing statements in Kansas, and with promulgating "standard search logic" for conducting searches of that data base.[4] Like the trustee, the Secretary of State advocates reversal of the bankruptcy court's Judgment.

## II. *Discussion*

The issue in this case is whether the bankruptcy court erred in concluding that Deere's interests in the debtor's property were perfected as of the petition date so as to make them immune from avoidance under 11 U.S.C. § 544(a)(1). We must determine, therefore, whether the bankruptcy court erred in holding that Deere's financing statements, listing the debtor by his nickname, were sufficient to perfect its interests in the debtor's property. We review this legal issue *de novo,* and therefore, give "no form of appellate deference" to the bankruptcy court's conclusions.[5] For the reasons stated below, we conclude that the bankruptcy court erred in holding that Deere's financing statements were sufficient and served to perfect its interests in the debtor's property. For a financing statement to be sufficient under Kansas law, the secured creditor must list an individual debtor by his or her legal name, not a nickname.

It is undisputed in this case that whether Deere's interests were perfected on the debtor's petition date depends on Kansas law. It is also undisputed that the applicable law is stated in Article 9 of the Kansas Uniform Commercial Code, as revised and adopted by the Kansas Legislature in 2000. The relevant portions of Revised Article 9, as adopted in Kansas, are as follows.

Section 84–9–502(a) of the Kansas Statutes Annotated states that "a financing statement is sufficient only if it: (1) Provides the name of the debtor[.]"[6] This requirement is to facilitate "a system of

---

**3.** 300 B.R. 47 (Bankr.D.Kan.2003).

**4.** Kan. Stat. Ann. §§ 84–9–519 & 84–9–526(b); *see* Kan. Admin. Reg. 7–17–22 (2001) (regulations adopted by the Secretary of State related to the standard search logic).

**5.** *Salve Regina College v. Russell,* 499 U.S. 225, 230–31, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *see Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

**6.** Kan. Stat. Ann. § 84–9–502(a)(1).

notice filing" under which security interest documents need not be filed, but rather only a single document notifying parties in interest that a creditor may have an interest in certain property owned by the named debtor.[7] Because notice of a secured interest in property is accomplished by searching the debtor's name, "[t]he requirement that a financing statement provide the debtor's name is particularly important."[8] Accordingly, pursuant to § 84–9–506(b), if a financing statement "fails sufficiently to provide the name of the debtor" it is "seriously misleading."[9]

The "name of the debtor" required in § 84–9–502(a)(1) and its "sufficiency" for purposes of § 84–9–506(b) is defined in § 84–9–503(a) as follows:

> (a) **Sufficiency of debtor's name.** A financing statement sufficiently provides the name of the debtor:
>
> (1) If the debtor is a registered organization, only if the financing statement provides the name of the debtor indicated on the public record of the debtor's jurisdiction of organization which shows the debtor have been organized;
>
> (2) if the debtor is a decedent's estate, only if the financing statement provides the name of the decedent and indicates that the debtor is an estate;
>
> (3) if the debtor is a trust or trustee acting with respect to property held in trust, only if the financing statement:
>
>> (A) Provides the name specified for the trust in its organic documents
>>
>> . . .

> . . .
>
> (5) in other cases:
>
>> (A) If the debtor has a name, only if its provides the individual or organizational name of the debtor[.]
>
> (b) **Additional debtor-related information.** A financing statement that provides the name of the debtor in accordance with subsection (a) is not rendered ineffective by the absence of:
>
> (1) A trade name or other name of the debtor[.]
>
> (c) **Debtor's trade name insufficient.** A financing statement that provides only the debtor's trade name does not sufficiently provide the name of the debtor.[10]

The Official UCC Comment accompanying this section provides:

> Together with subsections (b) and (c), subsection (a) reflects the view prevailing under former Article 9 that the actual individual or organizational name of the debtor on a financing statement is both necessary and sufficient, whether or not the financing statement provides trade or other names of the debtor[.][11]

Section 84–9–503 reflects Kansas's adoption in 2000 of revised Uniform Commercial Code (UCC) § 9–503, recommended in 1998 by the National Conference of Commissioners on Uniform State Laws. Prior to that time, courts struggled with whether names, such as trade names, in a financing statement sufficiently provided the name of the debtor.[12] UCC § 9–503, as adopted

---

**7.** *Id.* Official Uniform Commercial Code Comment [hereinafter "Official UCC Comment"] 2.

**8.** *Id.* § 84–9–503, Official UCC Comment 2; *see* James J. White & Robert S. Summers, 4 *Uniform Commercial Code* 201–02 (4th ed.1995) (discussing the importance of the name of the debtor).

**9.** Kan. Stat. Ann. § 84–9–506(b).

**10.** *Id.* § 84–9–503(a)(1)–(3)(A), (5)(A), (b)(1) & (c).

**11.** *Id.,* Official UCC Comment 2.

**12.** *See Id.* § 84–9–402 (repealed 2000); *Citizens Nat'l Bank & Trust Co. v. Star Automotive Warehouse, Inc. (In re Thriftway Auto Supply, Inc.),* No. 93–6388, 1994 WL 637047 (10th Cir. Nov. 14, 1994); *Pearson v. Salina Coffee House, Inc.,* 831 F.2d 1531 (10th Cir.1987)

in § 84–9–503, is meant to "clarify when a debtor's name is correct and when an incorrect name is insufficient." [13]

■ Although § 84–9–503 specifically sets parameters for listing a debtor's name in a financing statement when the debtor is an entity, it does not provide any detail as to the name that must be provided for an individual debtor—it simply states that the "name of the debtor" should be used.[14] This could be construed, as it was by the bankruptcy court, as allowing a debtor to be listed in a financing statement by his or her commonly-used nickname.[15] But, we do not agree with that interpretation because the purpose of § 84–9–503, as well as a reading of that section as a whole, leads us to conclude that an individual debtor's legal name must be used in the financing statement to make it sufficient under § 84–9–502(a)(1).

As discussed above, § 84–9–503 is new, and it was enacted to clarify the sufficiency of a debtor's name in financing statements. The intent to clarify when a debtor's name is sufficient shows a desire to foreclose fact-intensive tests, such as those that existed under the former Article 9 of the UCC, inquiring into whether a person conducting a search would discover a filing under any given name. Requiring a financing statement to provide a debtor's legal name is a clear cut test that is in accord with that intent.

Furthermore, § 84–9–503, read as a whole, indicates that a legal name should be used for an individual debtor. In the case of debtor-entities, § 84–9–503(a) states that legal names must be used to render them sufficient under § 84–9–502(a). Trade names or other names may be listed, but it is insufficient to list a debtor by such names alone. A different standard should not apply to individual debtors. The more specific provisions applicable to entities, together with the importance of naming the debtor in the financing statement to facilitate the notice filing system and increase commercial certainty, indicates that an individual debtor must be listed on a financing statement by his or her legal name, not by a nickname.

Our conclusion that a legal name is necessary to sufficiently provide the name of an individual debtor within the meaning of § 84–9–503(a) is also supported by four practical considerations. First, mandating the debtor's legal name sets a clear test so as simplify the drafting of financing statements. Second, setting a clear test simplifies the parameters of UCC searches. Persons searching UCC filings will know that they need the debtor's legal name to conduct a search, they will not be penalized if they do not know that a debtor has a nickname, and they will not have to guess any number of nicknames that could exist to conduct a search.[16] Third, requir-

(discussing whether name was sufficient under prior Article 9 and applying a "reasonably diligent searcher" test).

13. Kan. Stat. Ann. § 84–9–101, Official UCC Comment 4.h.

14. *Id.* § 84–9–503(a)(5)(A).

15. *See Kinderknecht,* 300 B.R. at 48; *see also Nazar v. Bucklin Nat'l Bank (In re Erwin),* No. 02–5176, 2003 WL 21513158 (Bankr.D.Kan. June 27, 2003) (absent a provision stating that a legal name is required, the word "name"

was given its common and ordinary meaning and, therefore, included the debtor's nickname). Although the decisions are well articulated, we disagree with the conclusions reached therein.

16. We note that in the current case, Terrance and Terry are closely aligned; however we believe that it sets an unsatisfactory precedent to allow the use of nicknames in filing. *See* Harry C. Sigman, *The Filing System Under Revised Article 9,* 73 Am. Bankr.L.J. 61, 73 (1999) (use of a legal name "does not burden searchers with the obligation to dream up

ing the debtor's legal name will avoid litigation as to the commonality or appropriateness of a debtor's nickname, and as to whether a reasonable searcher would have or should have known to use the name.[17] Finally, obtaining a debtor's legal name is not difficult or burdensome for the creditor taking a secured interest in a debtor's property. Indeed, knowing the individual's legal name will assure the accuracy of any search that creditor conducts prior to taking its secured interest in property.

Additionally, we note that although use of the Official Forms is not mandated, the language in the Financing Statement Form set forth in § 84–9–521 expressly states that the preparer should include the "DEBTOR'S EXACT FULL LEGAL NAME."[18] This Form, which is meant to "reduce error," indicates to us an intent to increase certainty in the filing of financing statements by requiring a debtor's legal name.[19] Our holding in this case will foster that intent.

■ By using the debtor's nickname in its financing statements, Deere failed to provide the name of the debtor within the meaning of § 84–9–503(a), and its financing statements are not sufficient under § 84–9–502(a). Because the financing statements do not "sufficiently . . . provide the name of the debtor" under § 84–9–503(a), they are "seriously misleading" as a matter of law pursuant to § 84–9–506(b).[20] Furthermore, the undisputed facts in this case show that § 84–8–506(c) does not apply in this case. That section saves a financing statement from being "seriously misleading" if a search of UCC filings "under the debtor's correct name, using the filing office's standard search logic, . . . would disclose a financing statement that fails sufficiently to provide the name of the debtor" in accordance with § 84–9–503(a). Included in the record before us are the results of a UCC search conducted by Deere's counsel in Kansas's official and unofficial UCC search systems.[21] Under both systems, she found no matches for the debtor's legal name "Terrance," but numerous matches for his nickname "Terry" and the initial "T." Thus, a search of the debtor's "correct name" did not disclose a financing statement, and therefore, § 84–9–506(c) does not apply. The result of Deere's UCC searches underscores the need for a clear-cut method of searching a debtor's name in UCC filings. The logical starting point for a person searching records would be to use the debtor's legal name. When a UCC search of the debtor's legal name does not provide any matches, parties in interest should be able to presume that the debtor's property is not encumbered, and they should not be charged with guessing what to do next if the legal name search does not result in

---

every potential error and name variation and perform searches under all possibilities. Revised Article 9 allows a searcher to rely on a single search conducted under the correct name of the debtor and penalizes filers only for errors that result in the nondisclosure of the financing statement in a search under the correct name."), *quoted in* Secretary of State's Brief at 9.

17. *See, e.g.,* cases cited in n. 12 *supra.*

18. UCC Financing Statement, *in* § 84–9–521; *see* UCC Financing Statement Addendum, *in id.* (same language).

19. Kan. Stat. Ann. § 84–9–521, Official UCC Comment 2.

20. *Id.* § 84–9–506(b); *see* Official UCC Comment 2 ("a financing statement that fails sufficiently to provide the debtor's name in accordance with Section 9–503(a) is seriously misleading as a matter of law.").

21. Affidavit of Anne L. Baker, *quoted in Kinderknecht,* 300 B.R. at 53.

any matches. Deere's financing statements, being seriously misleading, do not perfect its interest in the debtor's property and, therefore, the bankruptcy court erred in refusing to avoid its interests as against the trustee as a hypothetical lien creditor under 11 U.S.C. § 544(a)(1).[22]

### III. *Conclusion*

For the reasons stated herein, the bankruptcy court's Judgment is REVERSED.

---

**22.** *See* Kan. Stat. Ann. § 84–9–317(a)(2) (a security interest is subordinate to the rights of a person that becomes a lien creditor before the perfection of the interest).